## 53715. THE STATE v. CREEL.

BANKE, Judge.

The defendant was charged with misdemeanor theft. Police officers were called by a reliable witness who saw the defendant and a companion illegally removing coins from parking meters. The police arrested the defendant and found keys to parking meters, but no large quantity of coins on his person. A search of the defendant's car, which was legally parked a half block away, uncovered a large quantity of coins in a bag under the driver's seat. A motion to suppress the evidence found in the automobile was granted. The state appeals from the order suppressing the coins.

1. The state contends that the evidence was legally seized in a search incident to an arrest. This court has held that a search may be made of an automobile in the defendant's possession at the scene of the arrest. *Glover v. State,* 139 Ga. App. 162 (2) (227 SE2d 921) (1976). In *Glover* and the cases cited therein, the defendant was arrested immediately after having alighted from his car and in the immediate presence of the vehicle. The search, in the case at bar, of a car legally parked one-half block from the scene of the arrest cannot be found to be incident to a valid arrest. See Coolidge v. New Hampshire, 403 U. S. 443, 455-457 (1971), wherein the search of a car located in the driveway of the home in which the defendant was arrested was held invalid.

2. The state claims that the search was legal because it was a reasonable inventory taken in conjunction with the impoundment of the defendant's automobile, which was parked in a high crime area with the windows down and the keys inside. However, the record does not support this contention, because there is no evidence that the police entered the defendant's automobile in order to prepare for its impoundment. The vehicle was legally parked and was not creating a traffic hazard. And, there is evidence from which the trial judge could have found that the police were acting not out of a desire to protect the car, but in the hopes of finding the fruits of the defendant's suspected crime. "In these circumstances the trial court was authorized, though not required, to find from the

totality of the circumstances that the impounding of [the defendant's] car ... pursuant to an arrest unrelated to the car was not required for traffic safety or to protect [the defendant's] property." *State v. McCranie,* 137 Ga. App. 369, 370 (223 SE2d 765) (1976). Thus, the judge did not err in refusing to find the search to be legal as part of an impoundment of the vehicle.

3. In its final enumeration of error, the state contends that the search of the automobile was legal because it was based upon probable cause. This contention is without merit, however. On cross examination, the policeman who searched the car testified as follows: "Q. So you had absolutely no reason at that time to believe that there was any other evidence of fruits of crime, or contraband, in the automobile of Mr. Creel at the time you went to that car, did you? A. Well, I believed there would be more. Q. That was just a general suspicion that you had. A. That's right. Q. You could not articulate any facts, A, B, C, D, E, that would lead you to that conclusion, could you? A. Not with what I had right then." A general, inarticulable suspicion does not meet the requirement of probable cause. *Butler v. State,* 130 Ga. App. 469 (1) (203 SE2d 558) (1973).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED APRIL 11, 1977 — DECIDED APRIL 29, 1977.

*Hinson McAuliffe, Solicitor, Charles Hadaway, Assistant Solicitor,* for appellant.

*J. Roger Thompson,* for appellee.