S92G0090. FORTSON v. THE STATE.
(412 SE2d 833)

HUNT, Justice.

We granted certiorari to the Court of Appeals to consider whether the search in this case violated Fortson's Fourth Amendment rights. As a result of items seized in a search of his vehicle following a routine check of motorists at a police roadblock, Fortson was convicted of trafficking in cocaine, possession of a firearm, driving without a license and proof of insurance, and operating a motor vehicle with an invalid license revalidation sticker. The Court of Appeals held the search of Fortson's vehicle, during which the gun and cocaine were discovered in the passenger compartment, was valid as either an inventory search or a search incident to his arrest on traffic charges. *Fortson v. State,* 201 Ga. App. 272 (410 SE2d 774) (1991). We do not agree that an inventory search was authorized, but we affirm the judgment.

The facts are set out in the Court of Appeals opinion:

Defendant does not dispute that the Clayton County Police Department called a tow truck to impound defendant's car. Defendant testified at the hearing on his motion to suppress that before the search was conducted he made arrangements with the tow truck driver for the transport of his vehicle to be a "private pull" and gave the driver $50 for the service. He further testified that the officer did not ask to look in the vehicle until after he asked the officer if he could secure the things in his car in the trunk. After the officer looked in the

car and found the gun and drugs, defendant testified that the officer then instructed the driver that the car should be impounded. He stated that the driver then voided the ticket written as a private pull and returned defendant's $50. Defendant contends that the officer's search and impoundment of his vehicle was unreasonable because after [the defendant] reached an agreement with the driver of the tow truck he had an agent who could remove his vehicle and there was no reasonable cause for the search. The officer testified that a private pull arrangement was discussed but not agreed upon and that the policy of the Clayton County Police Department was to conduct an inventory search of all vehicles when the tow vehicle was summoned by the department.

Id. at 273-274.

1. It is well recognized that although the contents of an impounded automobile may be inventoried to protect the owner's property and to protect the officers from potential danger and claims for lost or stolen property, the police may not make a pretextual inventory search of an arrestee's automobile in violation of his constitutionally-protected privacy rights. *South Dakota v. Opperman*, 428 U. S. 364, 379-380 (96 SC 3092, 49 LE2d 1000) (1976); *Goodman v. State*, 255 Ga. 226, 229 (336 SE2d 757) (1985). As stated in *State v. Ludvicek*, 147 Ga. App. 784, 786 (250 SE2d 503) (1978):

"When the driver of a motor vehicle is arrested and a reliable friend is present, authorized and capable to remove an owner's vehicle which is capable of being safely removed; or where the arrestee expresses a preference as to towing service and designates an appropriate carrier and destination for the vehicle, it is unnecessary for the police to impound it. In either of these instances, the rationale for an inventory search does not exist." [Cit.]

(Emphasis supplied.) Accord *Mulling v. State*, 156 Ga. App. 404, 405 (274 SE2d 770) (1980). But, in the case before us, the Court of Appeals sought to distinguish this line of cases by holding that where the police, rather than the arrestee, select the towing service, an inventory search is appropriate "in order to protect the police against claims of lost or stolen property." We disagree.

Notwithstanding that the police selected the towing service in this instance, Fortson had a private contract to have his car removed to safety. Thus, we conclude the police inventory search was invalid under the *Ludvicek* rationale.

2. We, however, agree with the Court of Appeals that the search

of the vehicle was nevertheless proper incident to Fortson's arrest. When, after the private tow was arranged, Fortson asked the officer if he could return to the car to secure his personal property, the officer was authorized to insure his own safety by first searching the vehicle. While doing so, the officer found the gun and cocaine in a brown paper bag on the front seat of the automobile. In *New York v. Belton,* 453 U. S. 454, 457 (101 SC 2860, 69 LE2d 768) (1981), the United States Supreme Court held that the contemporaneous, warrantless search of the interior of an automobile recently occupied by an arrestee was justified in order to secure any weapons that might be available to the arrestee and to prevent the concealment or destruction of evidence. Both of these rationales are applicable here. Compare *State v. Hopkins,* 163 Ga. App. 141, 144 (293 SE2d 529) (1982), where a search incident to an arrest was not allowable after the defendant was safely secured in the back of the police car. Because the search of the car occurred incident to Fortson's arrest, his convictions for possession of a firearm and trafficking in cocaine were properly affirmed by the Court of Appeals.

*Judgment affirmed. Clarke, C. J., Weltner, P. J., Bell, Benham and Fletcher, JJ., concur.*

DECIDED FEBRUARY 6, 1992 —
RECONSIDERATION DENIED FEBRUARY 26, 1992.

*F. Robert Raley,* for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney,* for appellee.