A96A2433. THE STATE v. LOWE.
(480 SE2d 611)

BEASLEY, Judge.

In two counts of a four-count indictment, Lowe and Gaskins were charged with possession of marijuana with intent to distribute, and Lowe was charged with obstruction of an officer. The State

appeals from the trial court's grant of Lowe's motion to suppress marijuana found during an inventory search of his car.

In support of the ruling, the evidence showed the following. Gaskins was the subject of outstanding arrest warrants. The Narcotics Unit of the Bibb County Sheriff's Office received notice from the Fugitive Warrants Unit that Gaskins and an unknown individual were using a U-Haul truck to move out of a certain apartment in Macon. When narcotics officers arrived at the apartment around noon, they observed Lowe walking toward the truck and Gaskins standing in the doorway of the apartment. An officer stopped Lowe, informed him that he was there to serve warrants on Gaskins, and asked if the individual in the doorway was Gaskins. He said no. Shortly thereafter, Gaskins identified himself, and Lowe admitted he was aware of Gaskins' identity. As a result, Lowe was arrested for obstruction of a police officer, and Gaskins was arrested on the outstanding warrants.

A car owned by Lowe and bearing an Atlanta license plate was found next to the U-Haul truck. The car was legally parked, but the windows were partially down and the doors were unlocked. The officers immediately impounded the car and conducted the inventory search, during which they found marijuana and a gun. The officers testified that the car was impounded because it is department policy to do so unless a reliable driver is available to take charge of the vehicle. One of the officers testified that an arrestee's vehicle is never left where it is parked because of potential departmental liability. Because it is also department policy to relinquish possession of a commercial vehicle to the owner, the U-Haul truck was not impounded. Instead, the officers called the U-Haul company and asked that the truck be retrieved.

"In the interests of public safety and as part of what the Court has called 'community caretaking functions,' [cit.], automobiles are frequently taken into police custody." *South Dakota v. Opperman*, 428 U. S. 364, 368 (96 SC 3092, 49 LE2d 1000) (1976). "The state may inventory the contents of a car that has been *lawfully* impounded." (Emphasis supplied.) *Sams v. State*, 265 Ga. 534, 535 (3) (459 SE2d 551) (1995). Justification of an inventory search is thus premised upon the validity of the impoundment. *Martin v. State*, 201 Ga. App. 716, 718 (1) (a) (411 SE2d 910) (1991). The police may not use an impoundment or inventory as a medium to search for contraband. See *Dunkum v. State*, 138 Ga. App. 321, 325 (9) (226 SE2d 133) (1976). " '(T)he individual's right of privacy is superior to the power of police to impound a vehicle unnecessarily. . . .' [Cits.]" *Strobhert v. State*, 165 Ga. App. 515, 516 (301 SE2d 681) (1983).

" 'Impoundment of a vehicle is valid only if there is some necessity for the police to take charge of the property. [Cit.]' [Cit.]" *Martin*,

supra. "In each instance, the ultimate test for the validity of the police's conduct is whether, under the circumstances then confronting the police, their conduct was reasonable within the meaning of the Fourth Amendment." (Emphasis omitted.) *Jones v. State*, 187 Ga. App. 421, 424 (370 SE2d 784) (1988). The existence of a department policy is relevant but not determinative. See *Martin*, supra at 717. The question thus presented is whether the impoundment of Lowe's car was reasonably necessary. See *State v. Crank*, 212 Ga. App. 246, 250 (441 SE2d 531) (1994).

In *Dunkum*, supra, disapproved in part in *Mooney v. State*, 243 Ga. 373, 376 (254 SE2d 337) (1979), we held that the impounding of the defendant's car was unauthorized and the search unlawful where the defendant was arrested for sale of marijuana in one location; his car was safely parked in another location; and two days after his arrest, marijuana was found in the trunk of his car during an "inventory" search.

In *State v. Creel*, 142 Ga. App. 158, 159 (2) (235 SE2d 628) (1977), cited approvingly in *Sams* at 536, n. 4, we held that " 'the trial court was authorized, though not required, to find from the totality of the circumstances that the impounding of (the defendant's) car . . . pursuant to an arrest unrelated to the car was not required for traffic safety or to protect (the defendant's) property.' [Cit.]" *Creel*, supra at 158-159 (2). Creel's car was legally parked a half block away from where he was arrested, although it was located in a high crime area with the windows down and the keys inside.

"This court has previously adopted the view that when a driver is arrested and a reliable friend is present who may be authorized and capable of removing the vehicle, or where the arrestee expresses some preference for a private towing service, the rationale for impoundment does not exist. [Cits.]" *Strobhert*, supra; see *State v. King*, 191 Ga. App. 706 (382 SE2d 613) (1989); *Whisnant v. State*, 185 Ga. App. 51, 52 (2) (363 SE2d 341) (1987).

Conversely, we have found impoundment of a car authorized where the sole occupant was arrested for driving with a suspended or invalid license, and he had no companion or other person capable of removing the car in a timely manner, *Pierce v. State*, 194 Ga. App. 481 (1) (391 SE2d 3) (1990); *Gooden v. State*, 196 Ga. App. 295 (395 SE2d 634) (1990); where all the occupants of the car were arrested, *Evans v. State*, 216 Ga. App. 21, 22 (2) (453 SE2d 100) (1995); where the arresting officer testified he would have permitted a reasonable request for alternate disposition of the car, but the defendant made no such request, *Williams v. State*, 204 Ga. App. 372, 373 (419 SE2d 351) (1992); where a lawful custodial arrest of the car's sole occupant rendered reasonable the search of the passenger compartment both as a contemporaneous incident of the arrest and as a routine inven-

tory of its contents, *Jones v. State*, 187 Ga. App. 421, 424 (370 SE2d 784) (1988); where the car did not bear a valid tag, *Garner v. State*, 154 Ga. App. 839, 841 (1) (269 SE2d 912) (1980); and where the car was parked at a business and the owner of the business requested that it be moved, *Fitzgerald v. State*, 201 Ga. App. 361, 364 (3) (411 SE2d 102) (1991). See also *Gibson v. State*, 193 Ga. App. 450 (388 SE2d 45) (1989) (physical precedent only).

In *Mitchell v. State*, 178 Ga. App. 244, 245-246 (3) (342 SE2d 738) (1986), however, we held that there was no showing that impoundment of appellant's car was reasonably necessary after noting that "[t]here was no evidence of any connection between the car and appellant's arrest, no evidence that the car was illegally parked or was a hazard to traffic, or that appellant was consulted regarding alternate disposition of the vehicle."

The trial court granted Lowe's motion to suppress after finding that the misdemeanor offense for which he was arrested was in no way related to the vehicle; the vehicle was legally parked in a safe and secure place on private property; the owner of the private property did not request that the vehicle be removed; and Lowe was not asked if there was anyone who could retrieve the vehicle. Based on these findings, the court concluded that the impoundment and inventory search of the car were pretextual and improper. Applying cases such as *Mitchell*, supra, and *Creel*, supra, to the evidence, the trial court was authorized though not required to reach this conclusion.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 10, 1997.

*Charles H. Weston, District Attorney, Nancy S. Malcor, Laura D. Hogue, Assistant District Attorneys*, for appellant.

*Debra G. Gomez*, for appellee.