A98A1879. VEGA v. THE STATE.
(512 SE2d 65)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of trafficking in cocaine in violation of the Georgia Controlled Substances Act. Defendant now challenges the denial of his motion for new trial and motion in limine to suppress cocaine that was found in his gym bag during a roadside search of a car in which he was a passenger. The facts relevant to these assertions, construed most favorably toward the trial court's findings and judgment (*Morgan v. State*, 195 Ga. App. 732, 734 (3), 735 (394 SE2d 639)), reveal that defendant was a passenger in Jonnie Chesley's car when it was stopped for displaying an expired Florida license plate. Officer A. L. Mitchum of the DeKalb County Police Department testified that he arrested Chesley because

she could not produce a valid driver's license or proof of insurance and because an on-the-scene computer check of Chesley's name and birthday revealed that Chesley was driving with a suspended Florida driver's license. Officer Mitchum testified that, after securing Chesley in his patrol car, he directed defendant and another passenger out of Chesley's car, searched the car and found "a black gym bag that was located in the [car's] rear passenger seat . . ." that contained cocaine. Officer Mitchum testified that he opened the gym bag and found a substance which field-tested positive for cocaine; that defendant then admitted owning the gym bag; that he searched the gym bag while "conducting a search pursuant to [Chesley's] arrest . . ." and that he did not turn Chesley's car over to her passengers because "the combination of the expired license plate, no insurance, the vehicle was going to be impounded anyway." *Held*:

Defendant contends the search of Chesley's car cannot be justified because there was nothing which authorized his arrest prior to Officer Mitchum's search.

Since Chesley was lawfully arrested for operating a car without a driver's license and for not having proof of insurance (*Wilder v. State*, 192 Ga. App. 891, 892 (386 SE2d 685)), Officer Mitchum "did not exceed the permissible scope of a search incident to arrest under the Fourth Amendment, the Georgia Constitution or OCGA § 17-5-1. [To this extent, we must recognize] the broad scope of authority granted to police officers in conducting searches of automobiles pursuant to the search incident to arrest exception. In this situation, the authority to search extends to the entire passenger compartment of the automobile and any closed containers therein. See *New York v. Belton*, 453 U. S. 454 (101 SC 2860, 69 LE2d 768) (1981); *State v. Elliott*, 205 Ga. App. 345 (422 SE2d 58) (1992)." (Emphasis omitted.) *Bagwell v. State*, 214 Ga. App. 15, 17 (446 SE2d 739).

Defendant cites *Bowen v. State*, 210 Ga. App. 348, 349 (1) (436 SE2d 76), and *State v. Corley*, 201 Ga. App. 320 (411 SE2d 324), contending the warrantless search of his gym bag was invalid absent probable cause or his consent. We do not agree. *Bowen* and *Corley* are distinguishable from the case sub judice because the warrantless searches in those cases were not conducted pursuant to lawful arrests. Because defendant's gym bag was found in Chesley's car just after she was lawfully arrested, it was subject to being searched incident to that arrest. *Wilder v. State*, 192 Ga. App. 891, 892, supra.

The trial court did not err in denying defendant's motion to suppress and his motion for new trial.[1]

---

[1] Because the search of defendant's gym bag was valid pursuant to a lawful arrest, we do not address defendant's assertion that the search of Chesley's car was pursuant to the

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED FEBRUARY 9, 1999.

*Daniel E. Gavrin*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Lawrence Delan, Assistant District Attorneys*, for appellee.

unauthorized impoundment of her car. Compare *Gooden v. State*, 196 Ga. App. 295, 297 (395 SE2d 634).