## A00A2158. SCOGGINS v. THE STATE.
(545 SE2d 19)

SMITH, Presiding Judge.

We granted the application of Robert Clayton Scoggins for an interlocutory appeal of the trial court's order denying his motion to suppress. Because the search of Scoggins's car after he fled from a traffic stop and then attempted to flee on foot was permissible as a search incident to arrest, we affirm on that basis and do not reach the issue of whether an inventory search was properly conducted.

"Where the evidence on a motion to suppress is uncontroverted and credibility is not an issue, we review the evidence and the application of the law thereto de novo, construing all evidence in favor of the trial court's judgment." (Footnotes omitted.) *Almond v. State*, 242 Ga. App. 650 (530 SE2d 750) (2000). The evidence in this case shows without dispute that a Georgia State Patrol officer was on patrol in Paulding County when he encountered a green Camaro traveling at a high rate of speed. After obtaining a radar reading of 78 mph in a 55-mph zone, the officer turned his patrol car around, activated his blue lights, and attempted to stop the Camaro. The driver fled, made an abrupt left turn into a nearby auto body shop, and drove to the rear of the building. When the officer arrived, no one was inside the car, which had been parked in front of some garage doors. The officer quickly searched the area and noticed that one of the doors was partially open. When he pulled on the door, it rolled up, and he saw a man later identified as Scoggins standing just inside the door "face to face" with him.

Another person in the building identified Scoggins as the owner of the green Camaro. The officer asked Scoggins for identification, and he responded "that he didn't need a driver's license, that he wasn't driving a vehicle. And I asked him for I.D. I didn't ask him for any driver's license or anything." Scoggins then went directly to the green Camaro and retrieved a Georgia identification card from inside. When the officer asked him why he had tried to elude the traffic stop, Scoggins responded that his license was suspended. At that point, the officer attempted to pat Scoggins down, and Scoggins pushed him away and fled back inside the building. The officer radioed for assistance and then pursued Scoggins, subdued and handcuffed him, and placed him in the back of his patrol car.

The officer then looked inside the green Camaro, testifying that he did so because of Scoggins's conduct in speeding and fleeing both in his car and on foot. He saw a cardboard box on the rear seat, and when he lifted the box the bottom fell out, revealing two large blocks of what appeared to be marijuana. Most of the encounter, including the search, was recorded on the patrol car's videocamera, and the tape was reviewed by the court. According to the timer on the videotape, between eight and nine minutes elapsed from the officer's arrest of Scoggins to his discovery of the marijuana.

The United States Supreme Court has addressed the issue of searches incident to the lawful arrest of the occupant of a motor vehicle. In *New York v. Belton*, 453 U. S. 454 (101 SC 2860, 69 LE2d 768) (1981), the police found cocaine in the pocket of a jacket found on the backseat of an automobile after the occupants had been arrested and removed from the vehicle. Id. at 456. The Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." (Footnotes omitted.) Id. at 460. This is true even "after the arrestees are no longer in it." Id. at 459. In so holding, the Supreme Court reversed the decision of the New York Court of Appeals, which had held that the search of the jacket was not incident to a lawful arrest when the automobile was no longer accessible to the occupants. Id. at 456.

In numerous subsequent cases, this court has relied upon *Belton* to reach the same conclusion in similar circumstances. See, e.g., *Vega v. State*, 236 Ga. App. 319, 320 (512 SE2d 65) (1999); *State v. Haddock*, 235 Ga. App. 726, 728, n. 2 (510 SE2d 561) (1998); *State v. Elliott*, 205 Ga. App. 345, 346 (422 SE2d 58) (1992).

We note that *Fortson v. State*, 262 Ga. 3 (412 SE2d 833) (1992), contains a statement that our decision in *State v. Hopkins*, 163 Ga. App. 141 (293 SE2d 529) (1982), held that "a search incident to an arrest was not allowable after the defendant was safely secured in

the back of the police car." 262 Ga. at 5 (2).[1] But a review of *Hopkins* shows that this court held exactly the opposite, finding that *Belton*, supra, established a " 'single standard' " permitting a search of the passenger compartment of a vehicle incident to arrest even when the arrestee no longer had access to the vehicle or its contents. *Hopkins*, supra, 163 Ga. App. at 144. The language cited by *Fortson* appears to have been taken from the dissent.[2] 163 Ga. App. at 145-146 (1) (Shulman, P. J., dissenting). Also, a portion of the analysis in a case decided by this court after *Hopkins* is instructive:

> This court has held that a search is valid as an incident to a lawful custodial arrest where the defendant has been handcuffed and placed in a patrol car while the search was conducted. The decisive factor is whether the arrestee was, at the time of his *arrest*, a recent occupant of the automobile, not whether the automobile and its contents were in his immediate control at the time of the *search*.

(Citations and punctuation omitted; emphasis in original.) *Sims v. State*, 197 Ga. App. 214, 215 (2) (398 SE2d 244) (1990), citing *State v. Hopkins*, supra, 163 Ga. App. at 141 (2). We therefore conclude that the obiter dictum in *Fortson* has no effect on the *Belton* rule and that the search in this case was valid "as an incident to a lawful custodial arrest of a person who had recently occupied the vehicle that was searched. [Cits.]" *Haddock*, supra, 235 Ga. App. at 728, n. 2.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 17, 2001 —
RECONSIDERATION DENIED FEBRUARY 8, 2001 — ■■■■■■

*King, King & Jones, David H. Jones,* for appellant.
*James R. Osborne, District Attorney, Elizabeth L. Larson, Assistant District Attorney*, for appellee.

---

[1] In *Fortson*, the Supreme Court affirmed the denial of a motion to suppress on the ground that the search was properly performed incident to a lawful arrest.

[2] *Hopkins* was an 8-1 decision, with one judge concurring in the judgment only.