## A01A1466. THE STATE v. HEREDIA.
### (555 SE2d 91)

BARNES, Judge.

The State appeals from the trial court's order granting Kevin Heredia's motion to suppress. The record shows that the trial court granted the motion for four reasons: (1) a Cobb County police officer arrested Heredia within the City of Kennesaw city limits and therefore had no jurisdiction; (2) Heredia's right to an independent chemical test was compromised by the officer changing his request for a breath test to blood and urine tests; (3) the State conducted an improper impound search of Heredia's car; and (4) the police commingled marijuana found in two different locations in the car into a single evidence bag. Because none of these grounds support the trial court's grant of the motion to suppress, we reverse.

The record shows that a Cobb County police officer stopped Heredia in the City of Kennesaw because he was weaving in a lane. After administering field sobriety tests, the officer arrested Heredia for driving under the influence and failure to maintain a lane. He then asked another officer to search Heredia's vehicle incident to his arrest and for inventory purposes. The searching officer found loose marijuana in the console area and additional marijuana in a pill bottle located in the glove box. These findings resulted in an additional charge against Heredia for violating the Georgia Controlled Substances Act. After the marijuana was discovered, the arresting officer reread the implied consent warning to Heredia and changed his request for a breath test to a request for blood and urine tests. The officer never tested Heredia's breath, and Heredia made no request for independent tests.

1. The trial court determined that the Cobb County police officer who arrested Heredia had no jurisdiction to do so based upon its application of Georgia statutes and cases to undisputed facts. As a result, we conduct a de novo review of this portion of the trial court's order. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The trial court correctly noted that a peace officer ordinarily has power of arrest only in the territory of the governmental unit by which he was appointed. *Hastings v. State*, 211 Ga. App. 873, 874 (1) (441 SE2d 83) (1994). It erred, however, by too narrowly construing an exception to this general rule.

The general rule restricting the jurisdiction of peace officers in Georgia comes from our constitution, which provides:

> Unless otherwise provided by law, (1) No county may exercise any of the [police protection] powers listed in subparagraph (a) of this Paragraph or provide any service listed therein inside the boundaries of any municipality or any other county except by contract with the municipality or county affected; and (2) No municipality may exercise any of the [police protection] powers listed in subparagraph (a) of this Paragraph or provide any service listed therein outside its own boundaries except by contract with the county or municipality affected.

Ga. Const. of 1983, Art. IX, Sec. II, Par. III (b).

This court has held that two statutes, OCGA §§ 40-13-30 and 17-4-23 (a), also authorize police officers to arrest persons for traffic offenses in other jurisdictions. *State v. Gehris,* 242 Ga. App. 384, 386 (528 SE2d 300) (2000) (OCGA § 17-4-23 (a)); *Edge v. State,* 226 Ga. App. 559, 562 (2) (487 SE2d 117) (1997) (OCGA § 17-4-23); *Hastings,* supra, 211 Ga. App. at 874 (OCGA § 40-13-30); *City of Winterville v. Strickland,* 127 Ga. App. 716, 718 (2) (194 SE2d 623) (1972) (predecessor to OCGA § 40-13-30). Since the Cobb County officer arrested Heredia for traffic offenses, DUI and failure to maintain a lane, he was authorized to do so outside of Cobb County. Accordingly, the trial court erred by granting the motion to suppress based on the officer's lack of jurisdiction to stop and arrest Heredia.

2. The trial court further ruled that the results of Heredia's blood and urine tests must be suppressed because the officer reread the implied consent warning to Heredia, changed his request from breath to blood and urine, and never obtained a test of Heredia's breath. It reasoned that "the Defendant's right to an additional test never attached because the officer's designated breath test was neither withdrawn nor performed. Therefore, the Defendant's right to an independent test was compromised and the result of the State's test must be excluded." We disagree with the trial court's analysis. The defendant's right to an independent test was not compromised simply because the officer reread the implied consent warning five minutes after its first reading and changed the test designation from breath to blood and urine based on newly discovered evidence. As a result, the trial court erred when it granted the motion to suppress for this reason.

3. The trial court also granted the motion to suppress because the State failed to prove (1) that the impoundment and inventory search of Heredia's sport utility vehicle were necessary and (2) a rou-

tine Cobb County police department policy for opening closed containers during inventory searches. However, it failed to address whether the search of the car and the closed containers was valid as a search incident to Heredia's arrest. Our law regarding searches incident to arrest and inventory searches provides two alternative means for finding that a particular search was reasonable. See *Scoggins v. State*, 248 Ga. App. 1 (545 SE2d 19) (2001); *Vega v. State*, 236 Ga. App. 319, 320, n. 1 (512 SE2d 65) (1999). Police officers may search the passenger compartment of a car, as well as closed containers inside it, after the arrest of the car's occupant. Id. at 320. Because the search of the car and the closed containers within it was valid incident to Heredia's arrest, we need not address the impoundment issue. Id. See also *State v. Watkins*, 182 Ga. App. 431 (356 SE2d 82) (1987). Therefore, the trial court erred by concluding that the search of the car and the closed containers in the passenger compartment was illegal. Id.

4. The trial court's remaining reason for granting the motion to suppress was that "[s]ince the testimony was that the alleged marijuana in the container and that found loose in the console area of the car were placed in a single evidence bag, all of it must be suppressed." The trial court cited no legal authority for this conclusion, and Heredia also fails to cite any authority to support the trial court's reasoning. Furthermore, although the trial court apparently believed the loose marijuana was commingled with the marijuana in the pill bottle, the record does not support this conclusion. The only testimony on this issue was that one of the officers placed "all that," referring to the loose marijuana, in a plastic bag. Thus, this remaining rationale cannot be used to support the trial court's grant of the motion to suppress.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 4, 2001 —
RECONSIDERATION DENIED OCTOBER 19, 2001 —

*Barry E. Morgan, Solicitor-General, William R. Pardue, Assistant Solicitor-General*, for appellant.

*Chestney-Hawkins Law Firm, Michael M. Hawkins, Sherry B. Lantz*, for appellee.