## A02A1750. THE STATE v. BELL.
(577 SE2d 39)

ADAMS, Judge.

Derrick Bell was charged with trafficking in cocaine, possession of cocaine with intent to distribute, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. The state appeals the trial court's grant of Bell's motion to suppress evidence seized from his car after he was initially arrested for drinking alcohol inside a liquor store. Because the evidence authorized the trial court to find that the search of the car was unreasonable under the circumstances, we affirm.

In reviewing the grant of a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the trial court, and we adopt the trial court's findings as to disputed facts and credibility unless clearly erroneous. *State v. Peirce*, 257 Ga. App. 623-624 (571 SE2d 826) (2002). At the hearing on the motion, Officer T. A. Peck testified that he was working at a liquor store on May 8, 2000, when he saw Bell and a passenger pull up in a car. Both Bell and the passenger exited the car at the same time. Bell walked toward the store entrance holding a small glass imprinted with the name of a cognac. He was drinking from the glass as he came into the store. The officer took the glass from Bell's hand and determined that it contained alcohol.[1] He asked Bell for his identification, and Bell walked back to his car. Peck saw Bell reaching around on the floorboard of his car, before pulling his identification from the overhead visor. Peck then placed Bell under arrest for consuming alcohol in the vicinity of a liquor store in violation of a municipal ordinance.

After Peck radioed for assistance, Officer B. Murphy arrived on the scene. Murphy asked Bell if he had any valuables in the car that needed to be secured, and Bell said "no." Murphy testified that after placing Bell in his police car, he conducted an inventory search of

---

[1] Bell does not question the officer's authority to take the glass from his hand, and we do not address that issue.

Bell's car prior to impounding it. During that search, Murphy recovered a handgun and a number of bags that appeared to contain crack cocaine. The passenger did not have a valid driver's license, and Peck said that after searching him, he gave him permission to leave.

Bell admitted at the hearing that he had been drinking alcohol when he walked into the liquor store. But he testified that the officers searched his car before they placed him under arrest and after he had denied his consent for a search.

There are two ways to analyze the search in this case to determine if it was reasonable under the Fourth Amendment, either as a search incident to arrest or as an inventory search prior to impoundment. See *State v. Heredia*, 252 Ga. App. 89, 91 (3) (555 SE2d 91) (2001). The state asserts that the search of Bell's car was lawful as incident to his arrest on the alcohol consumption charge, while Bell asserts it was an illegal inventory search.

The U. S. Supreme Court has held that "when a policeman has made a lawful custodial arrest of the *occupant* of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." (Footnotes omitted; emphasis supplied.) *New York v. Belton*, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768) (1981). The record in this case demonstrates that Bell was not an "occupant" of an automobile at the time he was approached by the officer or at the time of his arrest. He had exited the car and was inside the liquor store.

Nevertheless, the Georgia courts have held that "[t]he decisive factor [in determining whether a search was reasonable as incident to arrest] is whether the arrestee was, at the time of his arrest, a recent occupant of the automobile, not whether the automobile and its contents were in his immediate control at the time of the search." (Citations and emphasis omitted.) *Scoggins v. State*, 248 Ga. App. 1, 3 (545 SE2d 19) (2001). But a review of the cases asserting this principle shows that they involve searches conducted (1) after the arrestee was removed from an automobile and secured by police in a police car;[2] (2) after a violation of the law occurred in connection with the automobile;[3] or (3) to ensure an officer's safety.[4] We could locate no

---

[2] See, e.g., *State v. Weathers*, 234 Ga. App. 376, 377-378 (506 SE2d 698) (1998); *Richardson v. State*, 232 Ga. App. 398, 401 (2) (501 SE2d 885) (1998); *Sims v. State*, 197 Ga. App. 214, 215 (2) (398 SE2d 244) (1990).

[3] See, e.g., *Scoggins*, 248 Ga. App. at 1 (defendant drove his car at a high rate of speed and attempted to elude traffic stop by hiding car behind a building); *Gamble v. State*, 194 Ga. App. 765, 767 (1) (391 SE2d 801) (1990) (defendant reported leaving robbery scene in car and police followed him home).

[4] See, e.g., *Fortson v. State*, 262 Ga. 3, 5 (2) (412 SE2d 833) (1992) (search of automobile reasonable for officer safety after defendant's arrest at police roadblock on traffic charges and before defendant allowed to secure items from his car).

cases where a search was determined to be reasonable under the facts presented here: where the defendant was not removed from his car; where the arrest was for the violation of a municipal ordinance completely unconnected to the car; and where no issue existed as to the officer's safety. Under these circumstances, we cannot say that it was clearly erroneous for the trial court to find that this was not a lawful search incident to arrest.

Instead, the trial court determined that the search was an inventory search pursuant to impoundment, as both officers testified. And in order to determine whether the inventory search was authorized, we must first determine whether the impoundment was reasonably necessary under the circumstances:

> Impoundment of a vehicle is valid only if there is some necessity for the police to take charge of the property. In each instance, the ultimate test for the validity of the police's conduct is whether, under the circumstances then confronting the police, their conduct was reasonable within the meaning of the Fourth Amendment.

(Citations and punctuation omitted.) *State v. Lowe*, 224 Ga. App. 228, 229-230 (480 SE2d 611) (1997).

In *Lowe*, the defendant was approached by police as he walked toward his truck and was later arrested on a misdemeanor obstruction charge. Id. at 229. This Court found that the impoundment of the truck was not reasonably necessary where the defendant was arrested on a misdemeanor offense unrelated to the truck; where it was legally and safely parked on private property; where the defendant/owner did not request that it be removed; and where the defendant was not asked what he wanted done with the truck. Id. at 231.[5]

Similarly, Bell was arrested on a violation of a municipal ordinance unconnected with his car, and the car was legally and safely parked on private property. Further, Bell did not request that the car be removed, nor was he asked whether there was anyone who could retrieve his vehicle. Accordingly, under these circumstances, we find that the trial court was authorized to find that the impoundment was not reasonably necessary and to grant the motion to suppress. See *Lowe*, 224 Ga. App. at 231; *Mitchell v. State*, 178 Ga. App. 244, 246 (3) (342 SE2d 738) (1986); *Strobhert v. State*, 165 Ga. App. 515 (301 SE2d 681) (1983) (defendant arrested for consuming alcohol in a park, while standing outside vehicle).

---

[5] Compare *Gaston v. State*, 257 Ga. App. 480, 483 (2) (571 SE2d 477) (2002) (impoundment reasonable even though officers did not inquire what defendant wanted done with car where arrest occurred at 2:00 a.m. and the car was parked in the roadway).

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED JANUARY 29, 2003 —

Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney, for appellant.
Linda W. Lyons, Carl P. Greenberg, for appellee.