A08A0494, A08A0496. HOWARD v. THE STATE (two cases).
(661 SE2d 644)

JOHNSON, Presiding Judge.

These appeals mark the second appearance of Ralph Dorsey Howard and his wife, Sharon Howard, before this Court. In *State v. Howard*,[1] this Court reversed the trial court's order granting the Howards' motions to suppress. Subsequently, a jury found Ralph Howard guilty of driving without proof of insurance, trafficking in cocaine, possession of cocaine with intent to distribute, possession of amphetamine, and possession of a firearm during certain crimes. The jury found Sharon Howard guilty of trafficking in cocaine, possession of amphetamine, and possession of a firearm during certain crimes. In Case No. A08A0494, Sharon Howard appeals, alleging the evidence was insufficient to sustain the verdict and there was a fatal variance between the crime alleged in the indictment and the evidence proven at trial. In Case No. A08A0496, Ralph Howard appeals on the same grounds. We find no error, and affirm the Howards' convictions.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[2] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[3] As long as there is some competent evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[4]

---

[1] 264 Ga. App. 691 (592 SE2d 88) (2003).
[2] See *Davis v. State*, 270 Ga. App. 777 (1) (607 SE2d 924) (2004).
[3] *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).
[4] See *Burnette v. State*, 241 Ga. App. 682 (1) (527 SE2d 276) (1999).

Many of the facts in this case have already been detailed in *State v. Howard*.[5] Ralph Howard was driving a car in Charlton County when the car struck and killed a deer. Ralph Howard pulled the car over and asked Sharon Howard to call for a tow truck. In the meantime, a deputy heard about the disabled car and proceeded to the scene. He observed a car being loaded onto a tow truck. The deputy asked whether a report was needed, and Ralph Howard responded that he did need a report. However, when the deputy ran a computer check on Ralph Howard's license, the license came back suspended because of insurance cancellation. Ralph Howard could not produce proof of insurance, so the deputy placed Howard under arrest for driving without a valid license and not having proof of insurance. The deputy then instructed the tow truck driver to tow the car to the sheriff's office.

At the sheriff's office, the deputy searched the car and found a blue duffel bag on the passenger's side of the floorboard. In the duffel bag was a brown paper sack which contained a plastic bag wrapped in a white towel. This plastic bag contained cocaine. A pistol in a holster was also found in the bottom of the blue duffel bag. Sharon Howard and Ronnie Williams were arrested after the contraband and weapon were found. Officers then sought and obtained a search warrant for the car. While executing the warrant, an aerosol can was found in the duffel bag. Inside the can's false bottom, officers discovered two plastic bags containing amphetamine.

During the initial search of the car, Sharon Howard "kept coming back to the vehicle."[6] She first told the deputy "she had some naked photos in a bag" in the car and she did not want the deputies to see them.[7] Once the duffel bag was found, she placed her hand on the brown paper sack, saying it was a sandwich and asking if she could carry it with her. However, the completed search revealed no photographs or sandwiches in the car. This Court previously reversed the trial court's order granting the Howards' motion to suppress, finding that the impoundment of the car was reasonable and the initial search was performed incident to Ralph Howard's lawful arrest.[8]

1. On appeal this time, the Howards allege the evidence was insufficient to support the jury's verdict because Ronnie Williams, a co-defendant who withdrew his appeal,[9] claimed ownership of the duffel bag and the duffel bag was located on the floorboard of the

---

[5] *Howard*, supra at 691-692.

[6] Id. at 692.

[7] Id.

[8] Id. at 693-694.

[9] See Case No. A08A0497.

passenger side of the car, outside the physical contact of Ralph and Sharon Howard. According to the Howards, the state failed to prove either of them had constructive possession of the blue duffel bag. We find no error.

Ralph Howard, Sharon Howard and Ronnie Williams were all charged with drug and weapon charges. Since all three occupants of the car were charged with joint possession of the duffel bag, the state "did not bear the burden of showing that one or the other was in sole possession of the drug."[10] It is well established that joint constructive possession with another will sustain a conviction for the possession of contraband.[11] After all, "[p]ossession may be joint or exclusive, and actual or constructive."[12] Here, the evidence was sufficient for a rational trier of fact to find joint constructive possession of the contraband and weapon.[13] The evidence shows that Ralph Howard exercised control over the car that transported the contraband and weapon, the contraband and weapon were located in a brown paper bag and hidden in Williams' blue duffel bag, and Sharon Howard tried to retrieve the brown paper bag at the sheriff's office through suspicious and inconsistent explanations. One should not forget the Howards' marital status either, for "where transactions involving relatives are under review, slight circumstances are often sufficient to induce a belief that there was collusion between the parties."[14] The evidence was sufficient to support the jury's verdict that the Howards, along with their co-defendant, were a party to these crimes and that they all had joint constructive possession of the contraband and weapon.[15]

2. The Howards allege the trial court erred in allowing the state to prosecute them for possession of amphetamine when the indictment alleged possession of methamphetamine. We again find no error.

Prior to trial, the clerical error regarding the controlled substance title, both of which are Schedule II drugs, was brought to the notice of the trial judge, in open court, with all three defense attorneys present. At that time, defense counsel conceded that they had each been served with the relevant crime lab report more than a year earlier, and none of the three defense attorneys expressed any surprise at the announcement. In fact, their responses indicated that they were well aware of the variance. The trial court allowed the

---

[10] See *Waters v. State*, 280 Ga. App. 566, 567-568 (634 SE2d 508) (2006).

[11] See id. at 567.

[12] (Citation and punctuation omitted.) *Davis*, supra at 779 (1).

[13] See *Warren v. State*, 254 Ga. App. 52, 53-54 (1) (561 SE2d 190) (2002).

[14] (Citations and punctuation omitted.) Id. at 54-55.

[15] See *Davis*, supra; *Warren*, supra.

state to offer evidence that the drug alleged in the indictment was, in fact, amphetamine, and the jury returned a verdict specifying "guilty of amphetamine."

Contrary to the Howards' assertion, the issue is not simply whether there was a discrepancy, but whether there was such a variance as to affect the substantive rights of the accused.[16]

> The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.[17]

Clearly, the variance complained of here would not subject the Howards to either of these dangers. The Howards were well aware of the misnomer in Count 5 of the indictment. They were not surprised at trial, and the misnomer did not prevent them from presenting their case at trial. Indeed, both Sharon and Ralph Howard testified at trial that they did not know about the contraband and implicated their co-defendant, Williams. So, not only were they informed of the error in the name of the contraband, but the name of the contraband did not affect their defense at trial. In addition, the statute under which the Howards were charged and other statutes dealing with both amphetamine and methamphetamine,[18] treat the two drugs equally.[19] And the Howards are not subject to further prosecution for possession of amphetamine. Given that the variance did not affect the substantial rights of the Howards, and given the lack of surprise, the variance in this case was not fatal. This enumeration of error lacks merit.

*Judgments affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED APRIL 24, 2008.

*Jeffrey S. Parker*, for appellant (case no. A08A0494).
*McGee & McGee, James B. McGee III*, for appellant (case no. A08A0496).

---

[16] See *Burnette*, supra at 685 (2).
[17] (Citation and punctuation omitted.) *Sims v. State*, 258 Ga. App. 536, 537 (1) (574 SE2d 622) (2002).
[18] OCGA §§ 16-13-26; 16-13-30; 16-13-31 (e).
[19] See *Sims*, supra; see also *Rochefort v. State*, 279 Ga. 738, 741 (2) (620 SE2d 803) (2005).

*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellee.