## A10A1959. WILLIAMS v. THE STATE.
(708 SE2d 32)

BARNES, Presiding Judge.

Ronnie Lee Williams appeals from the denial of his motion for new trial following his convictions for trafficking in cocaine, possession of cocaine with intent to distribute, possession of methamphetamine, and possession of a firearm during certain crimes. Williams

---

and his co-defendants filed a motion to suppress, which the trial court granted. The State appealed, and this Court reversed the judgment in *State v. Howard*, 264 Ga. App. 691 (592 SE2d 88) (2003). Before the case proceeded to trial, Williams filed a motion for severance from his two co-defendants, which the trial court denied. The three were tried together, and on October 6, 2004, Williams was convicted of the aforementioned crimes.

Williams timely filed a motion for new trial which, following a hearing, was denied. He thereafter filed a notice of appeal, and his case was docketed in this Court on October 25, 2007. Trial counsel died before the appellate brief was filed, and the appeal was dismissed. Williams then filed a motion for an out-of-time appeal, which the trial court granted, and this appeal ensued.

In his appeal, Williams contends the trial court erred in denying his motion to sever, and that in light of the United States Supreme Court's decision in *Arizona v. Gant*, 556 U. S. 332 (129 SC 1710, 173 LE2d 485) (2009), the drugs were seized based on an illegal search such that his motion to suppress should have been granted. Upon our review, we disagree and affirm.

The relevant facts as presented in *State v. Howard* reflect

> that Ralph Howard ("Howard") was driving a black Corvette on Highway 121 in Charlton County when the car struck and killed a deer. . . . A passing volunteer firefighter informed a Charlton County Deputy Sheriff about the disabled car, and the deputy proceeded to the scene. When he arrived, he observed a tow truck and three individuals [one of whom was Williams, the other was Howard's wife], who were standing near the disabled Corvette, which was in the process of being loaded onto the tow truck.
>
> The deputy immediately told the tow truck driver to stop loading the Corvette. He then asked whether a report was needed of the accident and, if so, he would have to know who the driver was and see proof of insurance. Howard identified himself as the driver, said he did need a report, and gave the deputy a Georgia driver's license. When the officer called his dispatcher to have a computer check run on the license, it "came back suspended" because of insurance cancellation. When asked for his insurance card, Howard did not furnish one, but he handed the officer a paper bearing a toll-free number and showing a price quote for insurance on the Corvette. Finding this insufficient proof of insurance, the deputy placed Howard under arrest for not having proof of insurance and driving without a

valid license. The deputy then instructed the tow truck driver to tow the Corvette to the sheriff's office. . . .

[Williams and the wife] were not arrested at that time. They rode to the sheriff's office with Howard's brother, who had arrived at the scene of the accident. The car was towed to the sheriff's office as well, and Howard was taken to the jail in the patrol car. At the sheriff's office, the deputy completed the search of Howard's car. A blue duffel bag was found on the passenger's side of the floorboard, and in the bag was a brown paper sack. Inside the sack was a plastic bag wrapped in a white towel and containing a white powdery substance that appeared to be cocaine. In the bottom of the bag he found a pistol in a holster.

During the search, the two passengers were standing nearby, and Howard's wife "kept coming back to the vehicle." She first told the deputy that "she had some naked photos in a bag" in the car and that she did not want the deputies to see them. Once the duffel bag was found, she placed her hand on the paper sack, saying it was her sandwich and asking if she could carry it with her. The completed search revealed no photographs or sandwiches. After the contraband was found, the deputy locked the car and placed the passengers under arrest. [Williams told the officers that the duffel bag belonged to him but that he knew nothing about the plastic bag.] Officers then sought and obtained a search warrant for the car. While executing the warrant, an aerosol can also was found in the blue bag. Inside the can's false bottom deputies found two plastic baggies containing a white powder.

*State v. Howard*, 264 Ga. App. at 691-692. At the trial, Howard and his wife testified that the duffel bag belonged to Williams.

1. Williams first maintains that the trial court erred in denying his motion to sever his trial from that of his two co-defendants. He asserts this as error because his defense was antagonistic to his co-defendants' defense. He specifically complains that he was prevented from injecting bad character evidence against Howard during trial.

A defendant who seeks a severance must show clearly that he will be prejudiced by a joint trial, and in the absence of such a showing, this Court will not disturb the trial court's denial of a severance motion. [Cit.] The trial court is to consider whether a joint trial will create confusion of the evidence and law, whether there is a danger that evidence

implicating only one defendant will be considered against a co-defendant despite limiting instructions, and whether the defendants are asserting antagonistic defenses. [Cit.]

*Denny v. State*, 281 Ga. 114, 115-116 (1) (636 SE2d 500) (2006). This Court will not find that the denial of a motion for severance was an abuse of discretion unless it appears that the defendant suffered prejudice that amounted to a denial of due process. *Owen v. State*, 266 Ga. 312, 314 (2) (467 SE2d 325) (1996). Moreover, "[t]he mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant the grant of a separate trial absent a showing of harm. [Cit.]" *Holmes v. State*, 272 Ga. 517, 518 (2) (529 SE2d 879) (2000).

Williams does not contend that the joint trial created confusion or that evidence of his co-defendants' crimes would implicate him; instead he primarily focuses on the third factor — that the defendants were asserting antagonistic defenses. All three defendants denied the respective charges against them, and neither of the two co-defendants testified that the drugs belonged to Williams. Each maintained that he or she did not know anything about the drugs in the duffel bag. Although they testified that the duffel bag belonged to Williams, Williams had never denied possessing it.

Furthermore, although Williams complains that he was not permitted to question Howard about his possible past involvement in drug activity,

[t]he simple fact that a defendant desires [certain] testimony of a co-defendant which might be unavailable at a joint trial is not enough to require severance, absent a showing of prejudice to the defendant. In fact, as a threshold matter, when the defendant requests a severance under these circumstances, the defendant must prove: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed.

*Avellaneda v. State*, 261 Ga. App. 83, 87 (581 SE2d 701) (2003). This Williams has not done. Accordingly, the trial court did not err in denying Williams' motion to sever.

2. Williams next contends that this Court's decision in *State v. Howard*, reversing the trial court's grant of his motion to suppress, was erroneously decided in light of *Gant*. In *Gant*, the Supreme Court held that police officers are authorized "to search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compart-

ment at the time of the search" or "when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle,' " which will often not be the case when the arrest is for traffic violations. (Citation omitted.) *Gant*, 556 U. S. at ___ (129 SC at 1719).

In *State v. Howard*, we noted that although Howard was arrested, his automobile had been involved in a one-car accident and was about to be towed when police responded to the scene. *State v. Howard*, 264 Ga. App. at 691. The arresting officer testified that he performed an inventory search with the intention of impounding the car. Id. at 692 (1). We observed that "neither the brief three-sentence order granting the motions to suppress nor the transcript of the hearing on the motions discloses the trial court's rationale or the ground on which the motions were granted," id. at 692, but in reversing the trial court's motion to suppress, held that "[b]ecause impoundment was reasonable and the search also was performed incident to Howard's lawful arrest, the trial court did not have a substantial basis for granting appellees' motions to suppress." Id. at 694.

Thus,

> [w]e need not determine whether the search of the [automobile] after [Howard's] arrest was valid under *Gant*, . . . because it is apparent that the evidence seized from the vehicle would have been discovered during the subsequent inventory of the vehicle and that it was therefore admissible under the inevitable discovery rule. See *Mathis v. State*, 279 Ga. 100, 102 (3) (a) (610 SE2d 62) (2005) (explaining that "(w)e will affirm a trial court's ruling if it is right for any reason").

*Humphreys v. State*, 287 Ga. 63, 76-77 (7) (694 SE2d 316) (2010); see *Wright v. State*, 276 Ga. 454, 461 (5) (579 SE2d 214) (2003) (The State may inventory the contents of a car that has been lawfully impounded when, under the circumstances, the officer's conduct in impounding the vehicle was reasonable within the meaning of the Fourth Amendment.).

Although Williams argues that the impoundment was not warranted in this case, the issue of the reasonableness of the impoundment was adjudicated on the merits in *Howard*, and "[a]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this court." *Whatley v. State*, 218 Ga. App. 608, 611-612 (2) (462 SE2d 779) (1995).

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED MARCH 16, 2011.

*Joseph E. East*, for appellant.

*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellee.