## A89A1871. HILL v. THE STATE.
## A89A1947. REIMAN v. THE STATE.
(387 SE2d 582)

BANKE, Presiding Judge.

While appellants Hill and Reiman were enrolled as students at the University of Georgia, their apartment, located in the City of Athens more than 500 yards from university property, was searched by campus police officers pursuant to a warrant. On the basis of contraband seized during this search, each was convicted of three counts of violating the Controlled Substances Act. On appeal, the appellants enumerate as error the denial of their motions to suppress this contraband, contending that the campus police lacked the authority to obtain and execute a search warrant for a residence located more than 500 yards off campus.

It has been stipulated that the officers who conducted the search were duly certified peace officers, meaning that they had been certified as such by the Georgia Peace Officer Standards & Training Council. See generally OCGA § 35-8-1 et seq. Although an officer from the Athens Police Department accompanied the campus police on the raid, he left shortly after entry was gained into the residence, and neither he nor any other local law enforcement officer was involved in obtaining the warrant or in conducting the investigation which led to its issuance. *Held*:

OCGA § 20-3-72 provides that "[t]he campus policemen and other security personnel of the university system who are regular employees of the system . . . have the power to make arrests for offenses committed upon any property under the jurisdiction of the board of regents and for offenses committed upon any public or private property within 500 yards of any property under the jurisdiction of the board." Cf. OCGA §§ 20-8-2; 20-8-4. The State concedes that, because the appellants' residence was not located within 500 yards of university property, the campus police officers who obtained and executed the search warrant at issue in this case were not authorized *as police officers* to make an arrest at that location. However, it contends that, as duly certified peace officers, they were nevertheless empowered pursuant to OCGA §§ 17-5-20 and 17-5-21 to obtain and execute the search warrant and that having done so, and having thereby determined that the appellants were in possession of illicit drugs, they were authorized pursuant to OCGA § 17-4-60 to effect the arrest in their capacity *as private citizens*.

OCGA § 17-5-21 (a) states that a search warrant may be issued based on probable cause established by "the written complaint of *any officer* of this state or its political subdivisions charged with the duty of enforcing the criminal laws. . . ." (Emphasis supplied.) Similar language appears in OCGA § 17-5-20, and, consistent with these Code

sections, OCGA § 17-5-24 provides that a search warrant "shall be directed for execution to *all peace officers* of this state." (Emphasis supplied.) In *Holstein v. State*, 183 Ga. App. 610 (359 SE2d 360) (1987), this court held, in effect, that as used in these statutes the term "officer" refers only to those officers who have been certified as such pursuant to the Georgia Peace Officer Standards & Training Act, OCGA § 35-8-1 et seq. In *Bruce v. State*, 183 Ga. App. 653 (359 SE2d 736) (1987), and *Fowler v. State*, 128 Ga. App. 501 (c) (197 SE2d 502) (1973), we held that a peace officer has the authority to apply for and execute a search warrant for property located outside the political subdivision by which he is employed.

While the foregoing authorities do indeed tend to support the trial court's decision in this case, we do not believe that the legislature intended to give to University of Georgia campus police and security personnel carte blanche authority to obtain and execute search warrants directed to residences or businesses located outside the immediate vicinity of university property. Rather, we read OCGA § 20-3-72, supra, as expressing a legislative intention to limit the law enforcement jurisdiction of such personnel to offenses committed upon property under the jurisdiction of the Board of Regents or located within 500 yards of such property. In this interpretation, we are supported by a 1970 opinion of the Attorney General, stating, in response to an inquiry by the Board of Regents, that "[a]s a campus policeman's authority is addressed to crimes committed upon land under the jurisdiction of the Board of Regents, search warrants must be confined to the territorial limits of the campus." Opinions of the Ga. Attorney General, 1970, pp. 96, 98 (Opinion No. 70-69, issued April 22, 1970.)

While we recognize that an opinion of the Attorney General has no precedential value, we are inclined to attribute authoritative weight to this one, both because it has existed unchallenged for almost 20 years and because it comports with our own reading of the applicable statutes. Additionally, we observe that the Attorney General, as legal advocate for the state, may normally be expected to interpret the law in a manner tending to sanction the exercise of governmental powers by state officials. Thus, when the Attorney General interprets the law in a manner restrictive of the exercise of such powers, somewhat greater objectivity and weight may reasonably be attributed to his opinion than might be warranted under contrary circumstances.

For the foregoing reasons, we conclude that the search of the appellants' residence was not conducted pursuant to lawful authority, and we accordingly hold that the trial court erred in denying their motions to suppress.

*Judgments reversed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 10, 1989 —
REHEARING DENIED OCTOBER 24, 1989 —

*Cook, Noell, Tolley & Aldridge, Edward D. Tolley,* for appellant (case no. A89A1871).

*Hudson & Montgomery, James E. Hudson,* for appellant (case no. A89A1947).

*Harry N. Gordon, District Attorney, Richard J. Weaver, Assistant District Attorney,* for appellee.