## A99A1746. THE STATE v. GEHRIS.
(528 SE2d 300)

RUFFIN, Judge.

A DeKalb County police officer investigated a traffic accident involving Peter Gehris. After the DeKalb officer released Gehris, two Doraville police officers further detained him to investigate whether he had been driving under the influence. Gehris was arrested and charged for this offense.[1] Prior to trial, he moved to suppress the evidence of his intoxication. The trial court granted Gehris' motion, finding that the Doraville officers lacked articulable suspicion to "reseize" Gehris after he had been released by the DeKalb County officer. We find the trial court erred in its analysis and reverse and remand.

In reviewing a trial court's decision on a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the trial court.[2] But where the evidence is uncontroverted and there is no question regarding the credibility of witnesses, we conduct a de novo review of the trial court's application of the law to undisputed facts.[3] Here, the material facts are undisputed.

On June 10, 1997, Corporal R. O. Brinkley and Lieutenant John Bussell of the Doraville Police Department were standing in the parking lot at Barnacles restaurant, which is located outside the city

---

[2] Id. at 86.

[1] Gehris also was charged with: (1) violating OCGA § 40-6-391 (a) (5) for being in physical control of a moving vehicle while having an alcohol concentration of 0.1 grams or more; and (2) violating OCGA § 40-6-271 for failing to stop and leave his name after striking another car and improper backing.

[2] *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).

[3] *In the Interest of B. C. G.*, 235 Ga. App. 1, 4 (2) (508 SE2d 239) (1998).

limits of Doraville in DeKalb County. As the two were talking, they saw a van, driven by Gehris, back into Brinkley's patrol car. Although the impact was not severe, it scratched the car.

Gehris drove away without stopping. Both Brinkley and Bussell got into their cars and followed Gehris. After Brinkley turned on his siren, Gehris pulled into the parking lot of a Waffle House located within the Doraville city limits. As Brinkley approached Gehris, he smelled a strong odor of alcohol on his person.

While Brinkley was speaking to Gehris, Bussell called the DeKalb County Police Department. Because the collision occurred outside Doraville city limits and involved damage to city property, the Doraville officers decided to have DeKalb County investigate the incident.[4] Officer K. L. Wyatt from DeKalb County arrived, completed a private property accident report and released Gehris without issuing any citations. Gehris then entered the Waffle House.

Upon learning that Wyatt was not going to investigate a possible driving under the influence charge, Bussell decided to investigate. After Wyatt brought Gehris back out of the Waffle House, Bussell administered several field sobriety tests before arresting Gehris for driving under the influence.

Prior to trial, Gehris moved to suppress the evidence gathered by Bussell, arguing that the Doraville officer lacked jurisdiction because the original incident occurred outside city limits. Gehris also argued that the officer lacked reasonable, articulable suspicion to detain him because the officer did not see him drive erratically or commit any moving violations.

Following a hearing on Gehris' motion, the trial court found that the Doraville officers relinquished their authority over Gehris by turning the investigation over to DeKalb County. Because Wyatt released Gehris without issuing a citation, the court found that Gehris was free to leave. Thus, the court reasoned, any subsequent detention of Gehris needed to have been based on reasonable suspicion formed *after* Wyatt released him. As both Doraville officers testified that Gehris did not do anything suspicious after Wyatt released him, the trial court suppressed the evidence.

In its order, the trial court stated that, because the Doraville officers relinquished their authority over Gehris, the jurisdiction issue was moot. As the jurisdiction issue lies at the heart of the matter, however, we disagree. Implicit in the trial court's order is a finding that the officers *did* have jurisdiction. This finding is correct.

As a general rule, a municipal police officer is authorized to

---

[4] According to Brinkley, department policy required that another law enforcement agency investigate accidents involving damage to a city-owned vehicle. But Bussell testified that it was not required.

investigate crimes and/or arrest suspects only for those infractions that occur within that officer's territorial jurisdiction.[5] But there is an exception to this rule. An officer has authority "to arrest a person accused of violating any law or ordinance governing the operation of a vehicle . . . where the offense is committed in his presence" regardless of territorial limitations.[6] By failing to stop after backing into Brinkley's car, Gehris committed a traffic violation.[7] Accordingly, Brinkley and Bussell, who witnessed the incident, were authorized to pursue and, if need be, arrest Gehris.[8]

We must next address whether, by calling a DeKalb officer to investigate the accident, the two Doraville officers somehow *relinquished* their authority to investigate and to arrest Gehris. The trial court concluded that the officers did so. We disagree.

Although the Doraville officers called for assistance from a DeKalb officer, we are unaware of any rule that such a call divests them of their independent authority. To the contrary, separate law enforcement agencies often work together.[9] We see no reason for creating a rule that, by asking another agency for assistance, the officers from the first agency relinquish their authority.

Additionally, we see no reason why the Doraville officers should be limited to events occurring *after* the DeKalb officer released Gehris in establishing reasonable suspicion. We have held that once a normal traffic stop has ended and an officer has told a motorist that he is free to leave, the officer must have reasonable suspicion of criminal conduct before detaining the motorist for additional questioning or for searching the vehicle.[10] Implicit in this holding, however, is the idea that, from the outset of the stop, the officer lacked reasonable suspicion for such questioning. Thus, the officer must have based his decision to *further* detain the motorist on suspicion that arose after he released him. This does not mean, however, that when officers from multiple law enforcement agencies work together to investigate a traffic violation, and an officer from one agency releases the motorist without conducting a complete investigation, that the officers from the other agency are precluded from further investigating the motorist unless he does something new to arouse suspicion. If the Doraville officers had reasonable suspicion that Gehris was driving

---

[5] See OCGA § 40-13-30.

[6] *Edge v. State*, 226 Ga. App. 559, 562 (2) (487 SE2d 117) (1997) (construing OCGA § 17-4-23 (a)).

[7] OCGA § 40-6-271.

[8] *Edge*, supra; *Glazner v. State*, 170 Ga. App. 810, 811 (318 SE2d 233) (1984) (physical precedent only).

[9] In fact, both Brinkley and Bussell testified that, under an informal agreement with DeKalb County, Doraville officers patrol a portion of unincorporated DeKalb County.

[10] *Parker v. State*, 233 Ga. App. 616, 617-618 (1) (504 SE2d 774) (1998).

under the influence, the fact that Wyatt chose not to investigate that issue does not deprive Brinkley or Bussell of their independent authority to investigate.

Accordingly, the trial court erred in concluding that the Doraville officers had to base their reasonable suspicion on activities that occurred after Gehris was released by Wyatt. For this reason, we reverse the order of the trial court granting Gehris' motion to suppress and remand the issue of whether, based on the totality of the circumstances, the Doraville officers had a reasonable basis for further detaining Gehris for questioning.

*Judgment reversed and remanded. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 19, 2000 —
RECONSIDERATION DENIED FEBRUARY 16, 2000 — 

*Gwendolyn R. Keyes, Solicitor, David M. Zagoria, Pilar Gigante, Assistant Solicitors,* for appellant.
*Monte K. Davis,* for appellee.

