## A06A1232. HAWKINS v. THE STATE.
### (637 SE2d 422)

RUFFIN, Chief Judge.

After a bench trial, Michael Hawkins was found guilty of failing to obey a traffic control device in violation of OCGA § 40-6-20. On appeal, Hawkins contends that the trial court erred in failing to direct a verdict of acquittal on the ground that the Kennesaw State University Police Department officer who ticketed him did not have authority to enforce the traffic laws on Georgia's public roads. Hawkins also contends that the trial court erred in allowing the prosecutor to ask him if he was calling a police officer a liar. Finding no error, we affirm.

Viewed in a light favorable to the verdict,[1] the evidence reveals that on August 23, 2005 Hawkins drove his vehicle into a turn lane on Chastain Road eastbound, preparing to turn left onto Frey Road heading northbound. Officer Goode of the Cobb County Police Department, who was on a motorcycle directly behind Hawkins' vehicle at the intersection, testified that after the traffic light turned red, Hawkins entered the intersection and attempted to turn left. Hawkins' vehicle was then struck by a vehicle driving westbound on Chastain Road. Shortly after the collision, Officer Washington of the Kennesaw State University Police Department arrived on the scene to investigate. After interviewing witnesses, he issued citations to both Hawkins and the driver who collided with him for failing to obey a traffic control device. At trial, when asked how close the intersection was to the university, Officer Washington replied, "[i]t borders the University."

1. Hawkins contends that the trial court erred in failing to direct a verdict of acquittal on the ground that Officer Washington did not have authority to enforce the law on public roads of this State. On appeal from a bench trial, we review the evidence in a light most

---

[1] See *Pinkston v. State*, 277 Ga. App. 432 (1) (626 SE2d 626) (2006).

favorable to the trial court's ruling.[2] We will uphold a trial court's decision not to direct a verdict of acquittal if there is any evidence to support it,[3] and we will not overturn its ruling regarding which questions to allow during cross-examination unless there has been an abuse of discretion.[4]

Campus policemen of the State university system "have the power to make arrests for offenses committed upon any property under the jurisdiction of the board of regents and for offenses committed upon any public or private property within 500 yards of any property under the jurisdiction of the board."[5] And "[o]fficers of the Georgia State Patrol and *any other officer of this state* . . . having authority to arrest for a criminal offense of the grade of misdemeanor shall have authority to prefer charges and bring offenders to trial under this article."[6]

Hawkins attempts to persuade us that OCGA § 40-13-30 does not apply to Officer Washington as a university police officer and that he therefore had no authority to issue a traffic citation regardless of the proximity of the intersection to campus. To support this argument, Hawkins relies on Judge Sognier's dissenting opinion in *State v. Harber*[7] and on his own speculation regarding the legislative intent manifested in the statute. Although they may be persuasive, dissenting opinions do not constitute binding authority. Moreover, the plain language of a statute, "so long as it does not lead to absurd or wholly impracticable consequences[,] is the sole evidence of the ultimate legislative intent."[8] Here, the plain language of the statute does not lead to any "absurd or wholly impracticable consequences," and university police officers clearly fall within the broad category created by the words "*any* . . . officer of this state."[9] Accordingly, we reject Hawkins' argument.

Hawkins contends that, even if Officer Washington did have the authority to issue a traffic citation, the State failed to prove that the collision occurred within 500 yards of property under the jurisdiction of the Board of Regents as required by OCGA § 20-3-72. We find that, because Hawkins did not raise at trial the issue of whether Kennesaw

---

[2] *Abelson v. State*, 269 Ga. App. 596 (604 SE2d 647) (2004).

[3] *Wynn v. City of Warner Robins*, 279 Ga. App. 42, 43 (1) (630 SE2d 574) (2006).

[4] *Phyfer v. State*, 259 Ga. App. 356, 359 (4) (577 SE2d 56) (2003).

[5] OCGA § 20-3-72.

[6] (Emphasis supplied.) OCGA § 40-13-30. The specific provisions regarding procedure for arrest for violation of motor vehicle laws are found in OCGA § 17-4-23.

[7] 198 Ga. App. 170 (401 SE2d 57) (1990).

[8] (Punctuation omitted.) *In the Interest of L. J.*, 279 Ga. App. 237, 238 (630 SE2d 771) (2006).

[9] (Emphasis supplied.) OCGA § 40-13-30.

State University is under the jurisdiction of the Board of Regents, he has waived such issue on appeal.[10]

Officer Washington's unrebutted testimony at trial indicated that the collision occurred at an intersection that directly bordered Kennesaw State University's campus. The trial court was authorized to conclude from this testimony that Officer Washington's investigation and decision to issue citations did not occur beyond the 500-yard limit of his statutory authority.[11] As there was some evidence to support the trial court's denial of Hawkins' motion for directed verdict, we must uphold that decision.[12]

2. On appeal, Hawkins contends that the trial court erred in allowing the prosecutor to ask him if he was calling Officer Goode a liar. At trial, Hawkins claimed that his vehicle entered the intersection while the traffic signal was green. During cross-examination, the prosecutor asked Hawkins, "Are you calling Officer Goode a liar here today?" Hawkins' attorney objected to the question on the ground that it was "offensive — argumentative." The trial court overruled the objection.

Hawkins argues that the question was improper because it (1) asked for an unqualified opinion, (2) bolstered the credibility of a witness of the state, and (3) was argumentative. These arguments lack merit. In order "to preserve an objection upon a specific point for appeal, the objection must be made at trial upon that specific ground."[13] As Hawkins failed to raise the first two specific grounds at trial, he has effectively waived them on appeal.[14]

Regarding whether the question was argumentative, we cannot say the trial court abused its discretion in allowing the prosecutor to ask Hawkins if he was calling Officer Goode a liar.[15] In *Dorsey v. State*,[16] our Supreme Court upheld a trial court's decision to allow a prosecutor to ask a defendant, "So, everybody's lying about this whole thing but you, is that right?"[17] The Court explained that "[t]he [S]tate

---

[10] See *Allen v. State*, 273 Ga. App. 227, 230 (2) (614 SE2d 857) (2005).

[11] See generally *Banks v. State*, 270 Ga. App. 221, 223 (3) (606 SE2d 34) (2004) (testimony of officer familiar with area in question that location where cocaine was sold was 200 feet from housing project was sufficient to support conviction for distributing cocaine within 1,000 feet of a housing project).

[12] See *Wynn v. City of Warner Robins*, supra at 45 (1).

[13] (Punctuation omitted.) *Norman v. State*, 197 Ga. App. 333, 334 (2) (398 SE2d 395) (1990).

[14] See id.; *Lewis v. State*, 186 Ga. App. 349, 352 (5) (367 SE2d 123) (1988) (objection that testimony was opinion based on hearsay not preserved on appeal when objection at trial was that testimony was argumentative and hearsay).

[15] See *Green v. State*, 242 Ga. App. 868, 871-872 (4) (532 SE2d 111) (2000).

[16] 259 Ga. 809 (387 SE2d 889) (1990).

[17] (Punctuation omitted.) Id. at 809 (3).

may challenge the defendant's truthfulness on cross-examination."[18] And this question referenced a conflict in the evidence which was to be resolved by the finder of fact.[19] We therefore hold that "[w]hile the form of the question was somewhat argumentative, we cannot conclude that the court erred in allowing it."[20]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 24, 2006 —
RECONSIDERATION DENIED OCTOBER 12, 2006.

*Sammy J. Hawkins*, for appellant.
*Barry E. Morgan, Solicitor-General, Jeffrey A. Johnson, Assistant Solicitor-General*, for appellee.

---

[18] Id.; see also *Williams v. State*, 239 Ga. App. 30, 34 (10) (521 SE2d 27) (1999).

[19] See *Whatley v. State*, 270 Ga. 296, 301 (13) (509 SE2d 45) (1998).

[20] *Dorsey*, supra.