A06A1725. CHAUNCEY v. THE STATE.
(641 SE2d 229)

BERNES, Judge.

A Berrien County grand jury indicted Eddie Lee Chauncey on four counts of aggravated child molestation and four counts of aggravated sodomy for committing acts of oral and anal molestation against his two minor stepbrothers. After a bench trial, the superior court found Chauncey guilty but mentally retarded on all eight counts. On appeal from the denial of his amended motion for new trial, Chauncey contends that there was insufficient evidence to convict him. He further contends that the trial court erred by allowing physician testimony that identified the perpetrator and bolstered the victim's credibility; by admitting similar transaction evidence and child hearsay testimony; by permitting the state to ask the victims leading questions; by sentencing him without first having a psychological investigation performed; and by failing to grant a new trial when a witness recanted her trial testimony. For the reasons discussed below, we affirm.

"Upon a finding of guilt following a bench trial, the presumption of innocence no longer applies, and on appeal, the appellate court construes the evidence in favor of the judge's findings of fact. The appellate court does not weigh the evidence or determine witness credibility but merely determines the sufficiency of the evidence."

---

(Citations omitted.) *Thomas v. State*, 276 Ga. App. 79 (622 SE2d 421) (2005). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Construed in this light, the evidence reflects that from 2001 to approximately April 2002, 18-year-old Chauncey would babysit his stepbrothers P. H. and J. H. at their home in Berrien County while his father and stepmother were at work. P. H. was ten years old and J. H. was seven years old. According to P. H. and J. H., Chauncey penetrated them anally and forced them to perform oral sex on him on multiple occasions when he babysat them. Because the anal sodomy was painful, P. H. and J. H. would scream during the incidents and would attempt to put up resistance. However, Chauncey made P. H. and J. H. do squats if they did not participate in the sexual acts as instructed, and he threatened them with spanking if they told anyone about what had occurred.

Despite these threats, P. H. and J. H. revealed to their mother and stepfather that Chauncey had been molesting them over the past year, and, as a result, P. H. and J. H. were taken to the emergency room. Shortly thereafter, a child protective services investigator with the Berrien County Department of Family and Children Services interviewed P. H. and J. H. P. H. informed the investigator that Chauncey had repeatedly "pok[ed]" his "peter" into P. H.'s anus, that it hurt, and that he was scared of Chauncey. Similarly, J. H. informed the investigator that Chauncey stuck his penis in J. H.'s "butt" and forced J. H. to perform oral sex on Chauncey, and that these incidents had happened "a lot." J. H. also stated that on several occasions he had seen Chauncey anally penetrating P. H. and P. H. performing oral sex on Chauncey.

A pediatrician subsequently conducted a physical exam of P. H. and J. H. to look for signs of sexual abuse. During the examination, both P. H. and J. H. described to the pediatrician the acts of oral and anal sodomy. Although the physical exam revealed no conclusive signs of physical abuse, the pediatrician later testified at trial that such a result is not unusual in molestation cases because the anus heals very quickly after forced penetration.

1. Chauncey contends that there was insufficient evidence to convict him of aggravated child molestation and aggravated sodomy. "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (c). "A person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person or when he or she commits sodomy with a person who is less than ten years of age." OCGA § 16-6-2 (a) (2).

At the bench trial, P. H. and J. H. both testified about the allegations of oral and anal sodomy, and their testimony was corroborated by the testimony of the DFCS investigator who initially interviewed them and the pediatrician who later examined them. The state also introduced similar transaction evidence of prior incidents of oral and anal sodomy committed by Chauncey upon other siblings who were minors. Viewing the evidence in the light most favorable to the verdict, we conclude that any rational factfinder could have found Chauncey guilty beyond a reasonable doubt of aggravated child molestation and aggravated sodomy. *Jackson*, 443 U. S. 307. See *Hines v. State*, 277 Ga. App. 404, 405 (1) (626 SE2d 601) (2006); *Guzman v. State*, 273 Ga. App. 819, 822-823 (3) (616 SE2d 142) (2005); *McKinney v. State*, 269 Ga. App. 12, 16 (2) (602 SE2d 904) (2004).

Chauncey contends that the evidence was insufficient because the sexual abuse exam of P. H. and J. H. allegedly was "brief" and failed to uncover physical evidence of abuse; there were purported conflicts in the testimony of P. H.; and there was purported evidence of J. H. having a motive to lie about the molestation.[1] These matters, however, concern the weight of the evidence and the credibility of the witnesses, and, as such, they provide no basis for reversal. "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the . . . verdict." (Punctuation and footnote omitted.) *Anthony v. State*, 275 Ga. App. 274, 275 (1) (620 SE2d 491) (2005).

2. In several enumerations of error, Chauncey contends that the trial court erred by allowing two physicians called by the state "to testify as to the identity of the alleged perpetrator in violation of OCGA § 24-3-4"; by permitting child hearsay testimony that failed to comply with requirements of the Child Hearsay Statute, OCGA § 24-3-16; and by allowing the state to ask P. H. and J. H. leading questions. In each instance, however, Chauncey failed to raise an objection in the trial court. Accordingly, he has waived these claims of error for purposes of appeal. See *Earnest v. State*, 262 Ga. 494, 495 (1) (422 SE2d 188) (1992); *Berman v. State*, 279 Ga. App. 867, 869 (2) (632 SE2d 757) (2006); *Capps v. State*, 273 Ga. App. 696, 697 (1) (615 SE2d 821) (2005); *Brock v. State*, 270 Ga. App. 250, 252-253 (4) (605 SE2d 907) (2004).

---

[1] Chauncey also argues that there was insufficient evidence to convict him because the trial court improperly allowed the admission of similar transaction evidence and one of the witnesses allegedly lied at trial. These arguments fail for the reasons discussed infra in Divisions 4 and 6.

3. Chauncey claims that the trial court committed plain error by allowing the pediatrician who performed the sexual abuse exam to improperly bolster the credibility of P. H. and J. H.[2] "It is well settled that in no circumstances may a witness' credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth. The credibility of a witness is a matter exclusively for determination by the [factfinder]." (Citations and punctuation omitted.) *Buice v. State*, 239 Ga. App. 52, 55 (2) (520 SE2d 258) (1999).

During the bench trial, the pediatrician testified that P. H. and J. H. maintained "good eye contact" with him throughout the examination, and that nothing he observed during his sexual abuse exam was inconsistent with what P. H. and J. H. had told him. When asked whether P. H. was "consistent with what he was saying" throughout the examination, the pediatrician answered in the affirmative. Finally, with respect to J. H.'s statements to him, the pediatrician testified, "No matter how we asked the questions, it was very consistent all the time."

We decline to find plain error based on the admission of this testimony. As an initial matter, the pediatrician's testimony concerning the children's eye contact and the consistency of their statements with the sexual abuse exam did not constitute improper bolstering. See *Harris v. State*, 279 Ga. App. 570, 572 (1) (631 SE2d 772) (2006) (holding that it is not improper bolstering for a witness to "express an opinion as to whether medical or other objective evidence in the case is consistent with the victim's story") (punctuation and footnote omitted); *Morris v. State*, 268 Ga. App. 325, 328 (2) (601 SE2d 804) (2004) ("[T]estimony regarding the victim's demeanor [does] not express an impermissible opinion on an ultimate issue of whether the victim was sexually abused.").

It is a closer question whether the pediatrician's testimony that P. H. was "consistent with what he was saying" and that J. H. was "very consistent all the time" constituted improper bolstering. Nevertheless, even if the testimony was improper, it did not rise to the level of plain error.

> Plain error is error that is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or one that seriously affects the fairness, integrity, or public reputation of a judicial proceeding. Although our Supreme Court has restricted application of the plain error doctrine to death

---

[2] Chauncey failed to object to the alleged bolstering testimony at trial, and so he has waived any claim of error on appeal other than plain error. See *Hawkins v. State*, 281 Ga. App. 852, 854 (2) (637 SE2d 422) (2006); *Frazier v. State*, 278 Ga. App. 685, 687 (1) (a) (629 SE2d 568) (2006).

penalty cases and cases in which the court has allegedly opined on the guilt of the defendant, this court's application of the doctrine has been less restrictive. We have, however, generally restricted application of the doctrine to cases presenting exceptional circumstances. The alleged error here was simply the admission of evidence bolstering a witness's credibility. This is not the kind of error that seriously affects the fairness, integrity, or public reputation of a judicial proceeding.

(Citations, punctuation and footnotes omitted.) *Frazier v. State,* 278 Ga. App. 685, 687 (1) (a) (629 SE2d 568) (2006). See also *Brown v. State,* 280 Ga. App. 884, 889 (4) (635 SE2d 240) (2006); *Woods v. State,* 276 Ga. App. 99, 101-102 (622 SE2d 436) (2005). Furthermore, since the present case was a bench trial, the trial court is presumed to have disregarded any improperly admitted testimony. See *Poole v. State,* 270 Ga. App. 432, 435-436 (2) (606 SE2d 878) (2004).

4. Chauncey argues that the trial court erred by allowing the introduction of similar transaction evidence because its prejudicial impact allegedly outweighed its probative value.[3] The similar transaction evidence of Chauncey's oral and anal molestation of other minor siblings was introduced not to impugn Chauncey's character, but for the purpose of showing his course of conduct, intent, and bent of mind toward sexual behavior with young relatives. Similar transaction evidence is admissible for these limited purposes under Georgia law. See *Williams v. State,* 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991); *Xulu v. State,* 256 Ga. App. 272, 274 (3) (568 SE2d 74) (2002). And, "[w]hen similar transaction evidence is being introduced for these purposes[,] it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity. . . . Because [this] evidence shed light on [Chauncey]'s conduct, its relevance outweighed its prejudicial effect." (Citations and punctuation omitted.) *Grier v. State,* 273 Ga. App. 517, 519 (2) (615 SE2d 586) (2005).

5. Relying on OCGA § 17-7-131, Chauncey argues that the trial court erred by sentencing him after finding him guilty but mentally

---

[3] Chauncey failed to object to the similar transaction evidence on any other ground. He thus has waived on appeal any other basis for challenging the admission of this evidence. See *Williams v. State,* 270 Ga. App. 480, 481-482 (606 SE2d 671) (2004) ("In order to raise on appeal an impropriety regarding the admissibility of evidence, the specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground.") (punctuation and footnote omitted).

retarded without first having a psychological investigation performed. Yet, neither the current nor former version of OCGA § 17-7-131 requires a trial court to have an investigation conducted prior to sentencing a mentally retarded defendant.[4] In fact, the statute explicitly provides that apart from cases where the death penalty is sought, when a defendant is found guilty but mentally retarded, the trial court is to sentence him "in the same manner as a defendant found guilty of the offense." OCGA § 17-7-131 (g) (1). It is only *after* sentencing that an evaluation of the mentally retarded defendant must then be conducted by a licensed psychologist or psychiatrist with the Georgia Department of Human Resources, the purpose of which is to determine whether and what treatment the defendant should receive in the corrections system and whether hospitalization in a state facility is necessary. See id.; Ga. Comp. R. & Regs. r. 290-4-8-.05, r. 290-4-8-.06. Thus, contrary to Chauncey's argument, the statutory and regulatory framework demonstrates that the required evaluation is an *administrative* rather than a *judicial* function that occurs post-sentencing.

In any event, the record reflects that a forensic psychologist and behavior specialist conducted a detailed psychological evaluation of Chauncey prior to trial, and that a report of that evaluation was admitted into evidence and was available to the trial court during sentencing. Chauncey failed to present any evidence at the motion for new trial hearing showing what an additional pre-sentencing evaluation would have shown different and apart from the initial evaluation. Chauncey therefore has failed to establish that he was prejudiced by the trial court's decision not to have an additional investigation conducted prior to sentencing. As such, his argument is unavailing and provides no grounds for vacating his sentence. See *Harris v. State*, 279 Ga. 304, 307 (3) (c) (612 SE2d 789) (2005) (defendant's claim of error failed when he could "show no harm from the failure to introduce at sentencing more detail about his mental health history").

6. Chauncey contends that the trial court erred by failing to grant him a new trial when a similar transaction witness recanted her prior claims of molestation at the hearing on the motion for new trial. In *McKnight v. State*, 211 Ga. App. 653 (1) (440 SE2d 249) (1994), we held that the trial court did not err in denying the defendant's motion for new trial even though the victim had subsequently recanted his accusation against the defendant. We noted that "[a] new trial will not be granted if the only effect of the evidence will be to impeach the

---

[4] Several provisions of OCGA § 17-7-131 were recently amended in 2006, but the amendments do not affect resolution of the instant issue on appeal. See Ga. L. 2006, p. 765, § 1.

credit of a witness," and we concluded that evidence of a witness' recantation "would merely go to impeach" the witness' testimony. (Citation and punctuation omitted.) Id. Thus, the issue presented is controlled adversely to Chauncey by *McKnight*.

*Judgment affirmed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED JANUARY 8, 2007.

*Melinda I. Ryals, George A. Bessonette*, for appellant.
*Catherine H. Helms, District Attorney, Erika S. Johnson, Assistant District Attorney*, for appellee.