## A08A0823. WELDON v. THE STATE.

(661 SE2d 672)

BLACKBURN, Presiding Judge.

Following a stipulated bench trial, William C. Weldon was convicted of failure to operate his vehicle within a single lane,[1] possession of an open container of alcoholic beverage in the passenger area of his vehicle,[2] and driving under the influence of alcohol to the extent that it was less safe for him to drive.[3] On appeal, Weldon contends that the trial court erred in relying on the "hot pursuit" doctrine in denying his motion to suppress the evidence resulting from the traffic stop of his vehicle outside of the arresting officer's jurisdiction. For the reasons that follow, we affirm.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

*Dodds v. State.*[4] See *Vansant v. State.*[5] As the evidence here is undisputed, we review the trial court's ruling de novo.

So viewed, the evidence from the suppression hearing showed that shortly after midnight on March 17, 2007, Sergeant Gray of the Henry County Police Department was off duty and driving home in his personal vehicle when he narrowly avoided being struck by a white van that had Bud Light stickers on it, as both vehicles merged onto the interstate. As the van continued southbound on the interstate through Henry County, Sergeant Gray followed and noticed that the van failed to stay within the far right lane in which it was traveling. At one point, Sergeant Gray observed the van weave completely out of its lane and nearly collide with a vehicle that had been abandoned on the shoulder of the interstate. Based on his suspicion that the driver of the van was intoxicated, Sergeant Gray called Sergeant Dunn, a fellow Henry County police officer who was then on duty, and reported the driver's erratic behavior as well as the van's description and current heading.

With Sergeant Dunn now en route, Sergeant Gray continued following Weldon's van as it exited the interstate and traveled down

---

[1] OCGA § 40-6-48 (1).

[2] OCGA § 40-6-253 (b) (1) (B).

[3] OCGA § 40-6-391 (a) (1).

[4] *Dodds v. State*, 288 Ga. App. 231, 232 (653 SE2d 828) (2007).

[5] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

a state highway toward Spalding County. During the pursuit, Sergeant Gray continued providing Sergeant Dunn with updates as to the van's location. A few minutes later, Sergeant Dunn caught up with and passed Sergeant Gray, who by this time had lost sight of the van. However, based on Sergeant Gray's distinctive description of the van, Sergeant Dunn quickly established contact and pulled the vehicle over approximately one mile within the Spalding County limits. At Sergeant Dunn's request, Weldon, the driver, attempted to perform several field sobriety tests. Based on his inability to perform those tests satisfactorily, Weldon was arrested. Following his arrest, Weldon agreed to take the state-administered blood-alcohol test and tested over the legal limit.

Weldon was charged by accusation with failure to operate his vehicle within a single lane, possession of an open container of alcoholic beverage in the passenger area of his vehicle, driving under the influence of alcohol to the extent that it was less safe for him to drive, and driving under the influence with an unlawful blood alcohol concentration.[6] Prior to trial, Weldon filed a motion to suppress the evidence, arguing that the stop was unlawful because it occurred beyond the arresting officer's jurisdiction. After holding a hearing on the issue, in which both Sergeants Gray and Dunn were present and testified to the above facts, the trial court denied Weldon's motion on the ground that the traffic stop was the result of the officers' "hot pursuit" of Weldon and was therefore lawful despite the fact that it occurred outside of the officers' jurisdiction. At the subsequent bench trial, Weldon stipulated to the State's presentation of the facts and was found guilty on all four counts of the accusation.[7] This appeal followed.

In his sole enumeration of error, Weldon contends that the trial court erred in denying his motion to suppress the evidence resulting from the traffic stop, arguing that the stop was unlawful because it occurred outside of the arresting officer's jurisdiction. We disagree.

Pretermitting the resolution of Weldon's argument that the trial court erred in applying the "hot pursuit" exception to jurisdictional limitations in this case, we hold that a trial court's ruling on a motion to suppress that is right for any reason will be affirmed. See *Fincher v. State.*[8]

Ordinarily, as a matter of legal policy, a peace officer has the power to make traffic stops and to arrest only in the territory of the

---

[6] OCGA § 40-6-391 (a) (5).

[7] Weldon was sentenced for driving under the influence of alcohol to the extent that it was less safe for him to drive instead of the alternative charge of driving under the influence with an unlawful blood alcohol concentration.

[8] *Fincher v. State*, 276 Ga. 480, 481 (2) (578 SE2d 102) (2003).

governmental unit by which he was appointed. *Margerum v. State.*[9] This legal policy stems from Article IX, Section II, Paragraph III (a) (1) and (b) (1) of the Georgia Constitution of 1983, which provides that *"[u]nless otherwise provided by law* . . . [n]o county may exercise [police] powers . . . inside the boundaries of any municipality or any other county except by contract with the municipality or county affected. . . ."* (Emphasis supplied.) See *State v. Picot*[10] (county officer authorized to arrest where violation committed in officer's presence regardless of territorial limit). In interpreting this constitutional provision and in conformance with its specific directive allowing for modification via statute, "this court has held that two statutes, OCGA §§ 40-13-30 and 17-4-23 (a), authorize county police officers to arrest persons for traffic offenses in other jurisdictions." and (Punctuation omitted.) Id. at 515 (1). See *State v. Heredia*[11] (Cobb County police officer could stop defendant in the city limits of Kennesaw for traffic violation committed in Kennesaw); *State v. Gehris*[12] (officer has authority to arrest a defendant for a traffic violation committed in his presence regardless of territorial limitations).

Here, Sergeant Dunn pulled Weldon over after Sergeant Gray reported seeing Weldon weaving in and out of his lane several times and nearly colliding with an abandoned vehicle on the shoulder of the interstate. Given these circumstances, and the fact that Sergeant Dunn was a county police officer, he had the authority to stop Weldon regardless of whether the stop occurred in Henry County or Spalding County. See *State v. Picot*, supra, 255 Ga. App. at 515 (1); *Hastings v. State.*[13] The trial court denied Weldon's motion to suppress on the ground that the "hot pursuit" exception allowed the officer to stop Weldon outside of the officer's jurisdiction, which Weldon argues was error. The ruling of the trial court was right given the fact that this matter involved county police officers who were otherwise authorized to arrest Weldon, rather than municipal police officers, to whom other limitations applied.

Furthermore, Weldon's argument that the stop was unlawful because the actual arresting officer did not witness any traffic violations firsthand is without merit.

> Reasonable suspicion need not be based on an arresting officer's knowledge alone, but may exist based on the "collective knowledge" of the police when there is reliable

[9] *Margerum v. State*, 260 Ga. App. 398 (579 SE2d 825) (2003).
[10] *State v. Picot*, 255 Ga. App. 513, 514-515 (1) (565 SE2d 865) (2002).
[11] *State v. Heredia*, 252 Ga. App. 89, 90 (1) (555 SE2d 91) (2001).
[12] *State v. Gehris*, 242 Ga. App. 384, 386 (528 SE2d 300) (2000).
[13] *Hastings v. State*, 211 Ga. App. 873, 874 (1) (441 SE2d 83) (1994).

communication between an officer supplying the information and an officer acting on that information.

*Camp v. State*.[14] Indeed, "police are authorized to stop an individual based on a 'be on the lookout' dispatch or even a radio transmission from another officer who observed facts raising a reasonable suspicion of criminal activity or a traffic violation." (Citation omitted.) Id.

Here, Sergeant Dunn pulled Weldon over based on the information supplied to him by off-duty officer Sergeant Gray, who had witnessed the traffic offenses firsthand and had provided a detailed description of Weldon's vehicle, as well as minute by minute updates as to its route. Both officers were listed on the case witness list attached to the accusation and were present at trial pursuant to OCGA § 17-4-23 (a). Given these facts, the traffic stop was not unlawful. See *Camp v. State*, supra, 259 Ga. App. at 230 (1) (reasonable suspicion established where information regarding driver was provided to police by an experienced off-duty police officer). Accordingly, the trial court did not err in denying Weldon's motion to suppress.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 25, 2008.

*Sexton & Morris, Ricky W. Morris, Jr., Suesan A. Miller*, for appellant.

*Charles A. Spahos, Solicitor-General, Jefferson F. Upchurch, Assistant Solicitor-General*, for appellee.

---

[14] *Camp v. State*, 259 Ga. App. 228, 229 (1) (576 SE2d 610) (2003).