### A10A2243. SULLIVAN v. THE STATE.

(706 SE2d 618)

PHIPPS, Presiding Judge.

After a stipulated bench trial, Kevin Sullivan was convicted of failing to maintain lane and driving under the influence of alcohol (DUI).[1] On appeal, he challenges the trial court's denial of his pretrial motion, which sought suppression of evidence of "[his] arrest and other related evidence."

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.[2]

Applying that standard of review, we affirm.

The pertinent facts were not in dispute. The officer who conducted the traffic stop of Sullivan was certified by the Georgia Peace Officer Standards and Training Council and employed as a campus police officer by the University of Georgia. At about 2:30 a.m. on April 16, 2009, the officer saw Sullivan's vehicle repeatedly weave outside its travel lane as Sullivan was driving along a street upon the university's campus. Thereupon, the officer followed Sullivan and observed continuous weaving for the next few blocks; the officer thus activated his patrol car's emergency equipment to effectuate a traffic stop for failing to maintain lane. After the officer approached Sullivan, the officer noted that Sullivan had glassy eyes and was emitting the odor of an alcoholic beverage. In addition, Sullivan fumbled as he retrieved his license, stumbled as he walked, fell against his vehicle with his shoulder, and acknowledged that he had consumed "a few alcoholic beverages." As Sullivan stipulated at trial,[3] "[he] agreed to participate in voluntary field sobriety evaluations." After the officer conducted the evaluations, he arrested

---

[1] See OCGA §§ 40-6-48 (failing to maintain lane); 40-6-391 (DUI).

[2] *Weldon v. State*, 291 Ga. App. 309 (661 SE2d 672) (2008) (citations omitted).

[3] See generally *White v. State*, 263 Ga. 94, 98 (5) (428 SE2d 789) (1993) (suppression

Sullivan for DUI and failing to maintain lane. The officer informed Sullivan of his implied consent rights, and Sullivan refused to submit to a breath test.

In his suppression motion, Sullivan asserted that the campus police officer who arrested him was beyond his jurisdictional area when he activated his patrol car's equipment, when he conducted the roadside investigation, and when he made the arrest. Sullivan cited OCGA § 20-3-72, which concerns personnel of the University of Georgia[4] and states:

> The campus policemen and other security personnel of the university system who are regular employees of the system shall have the power to make arrests for offenses committed upon any property under the jurisdiction of the board of regents and for offenses committed upon any public or private property within 500 yards of any property under the jurisdiction of the board.

At the hearing, the officer recounted that he had observed Sullivan commit several of the traffic violations within the university property. He could not recall the precise moment when he decided to stop Sullivan's weaving car, testifying, "I was still building a case against him. I was watching his driving. I was — I was just watching him — the vehicle in motion." However, he estimated that when he activated his patrol car's emergency equipment to conduct the traffic stop, he was 100 yards beyond the statutory 500-yards limit; Sullivan stopped a reasonable distance beyond that.

In its order denying Sullivan's motion, the trial court stated, "Counsel for the Defendant challenges the initial stop of the vehicle and subsequent arrest of the Defendant on the basis that [the officer] was outside of his jurisdiction without a basis under law and without legal authority." Rejecting Sullivan's challenges, the trial court provided two independent grounds: (i) the officer had observed Sullivan commit traffic violations while in his jurisdictional limits, citing OCGA §§ 17-4-23 and 40-13-30; and (ii) the officer was in "hot pursuit" of Sullivan, citing case law.

1. Contesting the first of these grounds, Sullivan seeks reversal of his convictions for the reason that OCGA § 17-4-23 does not apply to campus police officers. This argument provides no basis for reversal.

Ordinarily, "a peace officer has the power to make traffic stops

---

hearing transcript and trial transcript may be considered on review of suppression ruling); *Sanders v. State*, 235 Ga. 425, 432 (II) (219 SE2d 768) (1975) (same).

[4] See OCGA § 20-3-50 (providing that the university system shall consist of the University of Georgia and all of its branches).

and to arrest only in the territory of the governmental unit by which he was appointed."[5] However, as the trial court correctly found, an exception to this rule applies in cases of moving violations.[6] Pursuant to OCGA § 17-4-23, "an officer has authority to arrest a person accused of violating any law or ordinance governing the operation of a vehicle where the offense is committed in his presence, regardless of territorial limitations."[7] Indeed, "[t]his court has held that two statutes, OCGA §§ 40-13-30 and 17-4-23 (a), . . . authorize police officers to arrest persons for traffic offenses in other jurisdictions."[8] Pursuant to the latter, "[o]fficers of the Georgia State Patrol and any other officer of this state . . . having authority to arrest for a criminal offense of the grade of misdemeanor shall have authority to prefer charges and bring offenders to trial under [Article 2, Chapter 13, of the Georgia Code]."[9]

The officer in the instant case falls within the ambit of both statutes.[10] Given evidence that the officer observed Sullivan's illegal driving maneuvers upon the campus, Sullivan has shown no basis for reversal.[11]

2. Our decision in Division 1 renders moot Sullivan's remaining contention that the trial court erred by relying upon the "hot pursuit" doctrine.[12]

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*

DECIDED FEBRUARY 28, 2011.

*Daniels & Rothman, Jeffery A. Rothman*, for appellant.
*Carroll R. Chisholm, Jr., Solicitor-General, Markus Boenig, Assistant Solicitor-General*, for appellee.

---

[5] *Weldon*, supra at 310.

[6] *Page v. State*, 250 Ga. App. 795, 797 (553 SE2d 176) (2001).

[7] *State v. Gehris*, 242 Ga. App. 384, 386 (528 SE2d 300) (2000) (punctuation and footnote omitted); see *Page*, supra; *Edge v. State*, 226 Ga. App. 559, 562 (2) (487 SE2d 117) (1997).

[8] *State v. Heredia*, 252 Ga. App. 89, 90 (1) (555 SE2d 91) (2001) (citations omitted); see *Weldon*, supra at 311; *Hawkins v. State*, 281 Ga. App. 852, 853 (1) (637 SE2d 422) (2006).

[9] OCGA § 40-13-30.

[10] See *Hawkins*, supra at 853 (1) and n. 6 (holding that campus police officers of the state university system, as contemplated by OCGA § 20-3-72, fall within the broad category created by the words "any . . . officer of this state" of OCGA § 40-13-30; also noting that the specific provisions regarding procedure for arrest for violation of motor vehicle laws are found in OCGA § 17-4-23).

[11] See *Hawkins*, supra; *Heredia*, supra; *Page*, supra; *Edge*, supra.

[12] See *Weldon*, supra at 310 (pretermitting the resolution of appellant's argument that trial court erred in applying the "hot pursuit" exception to jurisdictional limitations, and affirming the denial of suppression motion upon conclusion that OCGA §§ 17-4-23 (a) and 40-13-30 authorized officers to arrest persons for traffic offenses in other jurisdictions).