**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 8, 2015**

# In the Court of Appeals of Georgia

A15A0279. STATE v. ZILKE.

BOGGS, Judge.

The State appeals from the trial court's order granting Bajrodin Zilke's motion to suppress. Because the trial court erred in finding that Zilke was arrested without authority, we reverse.

"[W]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citation, punctuation and footnote omitted.) *Sullivan v. State*, 308 Ga. App. 114 (706 SE2d 618) (2011). The relevant facts are not in dispute here. The evidence shows that Decari Mason is a POST-certified police officer employed at Kennesaw State University ("KSU"). At approximately 1:42 a.m. on May 5, 2013, Mason was returning to KSU after

delivering an arrestee to the Cobb County Adult Detention Center. It was dark and raining heavily at the time.

While traveling down Powder Springs Road in Cobb County, Mason observed Zilke driving without activated headlights or taillights and "severely failing to maintain lane." Mason initiated a traffic stop and approached Zilke, who smelled of alcohol, had bloodshot, watery eyes, was unsteady on his feet, and admitted to consuming two beers. At Mason's request, Zilke blew into an Alco-sensor, which registered positive for alcohol. Concluding that Zilke was under the influence of alcohol to the extent he was less safe to drive, Mason arrested him. Zilke submitted to a state-administered chemical breath test on the Intoxilyzer 5000 at 3:16 a.m. which revealed a blood alcohol level of 0.08.

Zilke was charged with two counts of driving under the influence, failing to maintain lane, and operating a vehicle without headlights. He subsequently moved to suppress evidence of the breath test, arguing that Mason lacked jurisdiction to arrest him because, without dispute, the traffic stop did not occur on or near KSU property. The trial court granted the motion, and this appeal followed.

On appeal, the State argues that Mason was authorized to arrest Zilke based on the traffic offenses committed in his presence. We agree.

Generally, a police officer has the power to arrest "only in the territory of the governmental unit by which [the officer] was appointed." (Punctuation omitted.) *Sullivan*, supra, 308 Ga. App. at 115-116 (1). An exception arises, however, when the officer witnesses a moving traffic violation. Id. Under OCGA § 17-4-23 (a), "[a] law enforcement officer may arrest a person accused of violating any law or ordinance governing the operation . . . of motor vehicles by the issuance of a citation, provided the offense is committed in his presence." As we have explained in cases not involving campus police officers, this exception authorizes an arrest "regardless of territorial limitations." (Punctuation omitted.) *State v. Gehris*, 242 Ga. App. 384, 386 (528 SE2d 300) (2000). See also *State v. Heredia*, 252 Ga. App. 89, 90 (1) (555 SE2d 91) (2001) (Cobb County police officer authorized to arrest defendant for DUI and failure to maintain lane within Kennesaw city limits).

Likewise, we have determined that a POST-certified campus police officer has authority to arrest, outside of the territorial limits for campus officers, for traffic violations committed in his presence on campus. *Sullivan*, supra, 308 Ga. App. at 115-116 (1). In so holding, we stated that POST-certified campus police officers fall within the ambit of OCGA § 17-4-23. Id.

Here, we must determine for the first time whether OCGA § 17-4-23 also authorizes a POST-certified campus police officer to arrest for a traffic offense committed in his presence beyond the territorial limits prescribed for campus police officers. In its suppression ruling, the trial court concluded that OCGA § 20-3-72 precludes a POST-certified campus police officer from making an arrest for offenses committed more than 500 yards from campus. That Code section provides:

> The campus policemen and other security personnel of the university system who are regular employees of the system shall have the power to make arrests for offenses committed upon any property under the jurisdiction of the board of regents and for offenses committed upon any public or private property within 500 yards of any property under the jurisdiction of the board.

A basic rule of statutory construction requires that "statutes relating to the same subject matter [be] construed together and harmonized wherever possible. [Cit.]" *Gibson v. Casto*, 271 Ga. 667, 668 (523 SE2d 564) (1999). Based upon this principle, we conclude that POST-certified campus police officers fall within the scope of OCGA § 17-4-23 and may arrest for moving traffic offenses committed in their presence more than 500 yards from campus. See *Sullivan*, supra, 308 Ga. App. at 116;

4

*State v. Durr*, 274 Ga. App. 438, 442 (2) (618 SE2d 117) (2005) (physical precedent only).[1] Accordingly, the trial court erred in granting Zilke's motion to suppress.

*Judgment reversed. Doyle, C. J. and Phipps, P. J., concur in the judgment only.*

---

[1] Our decision in *Hill v. State*, 193 Ga. App. 280 (387 SE2d 582) (1989), overruled in part, *State v. Harber*, 198 Ga. App. 170 (401 SE2d 57) (1990), does not require a different result. In *Hill*, we addressed only whether campus police officers have authority to obtain and execute search warrants more than 500 yards off campus. In *Harber*, we overruled the portion of *Hill* concluding that campus police officers lacked the authority to obtain an extra-territorial search warrant. We also noted that "campus police officers are essentially no different from county and municipal police officers whose authority to make an arrest may otherwise be subject to similar territorial restrictions." (Emphasis omitted.) 198 Ga. App. at 171 (1).