**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 4, 2017**

# In the Court of Appeals of Georgia

A17A0841. SUGGS v. THE STATE.

RICKMAN, Judge.

After personally observing appellant Scott Suggs commit several traffic offenses in Hall County, a Hall County deputy sheriff conducted a traffic stop in that county but crossed the county line in order to conduct an investigation and effectuate an arrest of Suggs for DUI-less safe. Suggs moved to suppress all evidence surrounding and including his arrest, contending that the deputy lacked the authority to investigate and/or arrest him outside of Hall County. The trial court agreed with Suggs that the deputy exceeded his authority outside of Hall County, but held that suppression of the evidence was not warranted because the arrest did not amount to a violation of Suggs's constitutional rights. We granted Suggs's motion for interlocutory appeal in order to review the trial court's order. For the following

reasons, we conclude that the trial court erred to the extent that it held that the deputy was not authorized to investigate and/or arrest Suggs outside of Hall County; we nevertheless affirm the trial court's order denying Suggs's motion to suppress as right for any reason.[1]

The pertinent facts underlying Suggs's motion are undisputed, and we therefore apply a de novo review to the trial court's application of the law to the facts. See *Mitchell v. State*, ___ Ga. ___, *4 (Case No. S17A0459, decided June 26, 2017) ("When the evidence at a suppression hearing is uncontroverted and the credibility of witnesses is not in question, we conduct a de novo review of the trial court's application of the law to the undisputed facts.") (citation and punctuation omitted).

The record shows that in September 2015, a Hall County deputy sheriff was on traffic enforcement duty at an intersection located in Hall County when he observed Suggs fail to bring his vehicle to a complete stop before entering the highway. The deputy followed Suggs for approximately two miles, during which he observed Suggs repeatedly cross the center lane of the highway and make a wide left turn.

---

[1] See *Prather v. State*, 279 Ga. App. 873, 876 (1) (633 SE2d 46) (2006) ("A judgment that is right for any reason will be affirmed.") (citation and punctuation omitted).

The deputy conducted a traffic stop of Suggs's vehicle and could smell alcohol emanating from Suggs's person as he struggled getting his driver's license out of his wallet. Suspecting that Suggs was under the influence of alcohol but believing that it was unsafe to conduct an investigation on the "extremely rough" dirt shoulder in close proximity to passing vehicles, the deputy instructed Suggs to pull his vehicle into a parking lot on the opposite side of the roadway. After performing roadside sobriety tests, the deputy arrested Suggs for DUI-less safe.

Although the initial stop of Suggs's vehicle was conducted in Hall County, Suggs and the deputy crossed the county line when they entered the parking lot, resulting in the investigation and subsequent arrest taking place in Barrow County.

Suggs filed a motion to suppress, arguing that the deputy had no authority to gather evidence against or arrest him outside of Hall County.[2] Relying on the recent case of *Zilke v. State*, 299 Ga. 232 (787 SE2d 745) (2016), the trial court agreed that the deputy exceeded his authority when he effected an arrest across the county line,

---

[2] Suggs also argued that the deputy lacked a reasonable articulable suspicion to stop his vehicle and lacked probable cause to arrest him following the investigation, but the trial court rejected Suggs's arguments and denied his motion to suppress on those grounds. Suggs has not appealed the trial court's ruling on the existence of articulable suspicion or probable cause.

but ultimately concluded that suppression was not warranted because the evidence was not gained as the result of an unreasonable search or seizure.

In *Zilke*, the Supreme Court of Georgia reviewed a decision from this Court in which we held that OCGA § 17-4-23 (a)[3] authorized a POST-certified campus police officer to make an arrest for a traffic offense committed in the officer's presence but outside of the statutorily-designated territorial jurisdiction for campus police officers. Id. at 232-233; see *State v. Zilke*, 333 Ga. App. 344 (773 SE2d 489) (2015). The *Zilke* Court reversed our opinion after concluding that the plain language of OCGA § 17-4-23 (a) could not be reasonably construed to enlarge the territorial boundaries of a campus police officer. Id. at 234-235. In so doing, the Court disapproved of any prior cases in which we relied on OCGA § 17-4-23 (a) to "authorize[ ] a law enforcement officer, including a campus police officer, to make a custodial arrest outside the

---

[3] OCGA § 17-4-23 (a) provides, in pertinent part, that:

A law enforcement officer may arrest a person accused of violating any law or ordinance governing the operation . . . of [a] motor vehicle[ ] . . . by the issuance of a citation, provided that the offense is committed in his presence or information constituting a basis for arrest concerning the operation of a motor vehicle . . . was received by the arresting officer from a law enforcement officer observing the offense being committed. . . .

4

jurisdiction of the law enforcement agency by which he is employed." Id. at 234-235; see *Glazner v. State*, 170 Ga. App. 810 (318 SE2d 233) (1984) and its progeny.[4]

Because the deputy sheriff's authority to arrest Suggs was not derived from §17-4-23 (a), however, the outcome of Suggs's motion to suppress is not controlled by the holding of *Zilke*. The trial court erred to the extent that it held otherwise.

Historically speaking, this Court held that the power of an officer to effect a warrantless arrest outside of the territorial boundary of his or her law enforcement agency for traffic-related offenses was derived from one of two statutes, OCGA §§ 17-4-23 (a) and/or 40-13-30. See *State v. Heredia*, 252 Ga. App. 89, 90 (1) (555 SE2d 91) (2001)[3] and cases cited therein. But while the *Zilke* Court disapproved of the line

---

[4] In addition to *Glazner*, the *Zilke* Court expressly disapproved of *Sullivan v. State*, 308 Ga. App. 114 (706 SE2d 618) (2011); *State v. Bethel*, 307 Ga. App. 508 (705 SE2d 860) (2010)*; Griffis v. State*, 295 Ga. App. 903 (673 SE2d 348) (2009); *Duprel v. State*, 301 Ga. App. 469 (687 SE2d 863) (2009); *Weldon v. State*, 291 Ga. App. 309 (661 SE2d 672) (2008); *Delong v. Domenici*, 271 Ga. App. 757 (610 SE2d 695) (2005); *State v. Picot*, 255 Ga. App. 513 (565 SE2d 865) (2002); *State v. Hoover*, 253 Ga. App. 98 (558 SE2d 71) (2001); *State v. Heredia*, 252 Ga. App. 89 (555 SE2d 91) (2001); *State v. Gehris*, 242 Ga. App. 384 (528 SE2d 300) (2000); *Edge v. State*, 226 Ga. App. 559 (487 SE2d 117) (1997); *Dickerson v. State*, 193 Ga. App. 605 (388 SE2d 736) (1989); *Glazner v. State*, 170 Ga. App. 810 (318 SE2d 233) (1984). See *Zilke*, 299 Ga. at 235, n.2.

[3] *Zilke* disapproved of *Heredia* to the extent that it relied on OCGA § 17-4-23 (a) or cases that had done so. See *Zilke*, 299 Ga. at 233, n.2.

5

of cases relying on OCGA § 17-4-23 (a), it did not consider or render any opinion as to the arrest authority conferred by OCGA § 40-13-30. That statute, specifically contained within Title 40 and governing traffic offenses, provides as follows:

> OCGA § 40-13-30. Authority to make arrests.
>
> Officers of the Georgia State Patrol and any other officer of this state or of any county or municipality thereof having authority to arrest for a criminal offense of the grade of misdemeanor shall have authority to prefer charges and bring offenders to trial under this article, provided that officers of an incorporated municipality shall have no power to make arrests beyond the corporate limits of such municipality unless such jurisdiction is given by local or other law.

Recognizing that the statute's territorial restriction is limited to arrests made by municipal officers, we have held that "by implication[,] . . . certain officers (including deputy sheriffs) have arrest powers for these offenses outside their appointed territories." (Citation and punctuation omitted.) *Hastings v. State*, 211 Ga. App. 873, 874 (441 SE2d 83) (1994); see *Heredia*, 252 Ga. App. at 90 (1); *City of Winterville v. Strickland*, 127 Ga. App. 716, 718-719 (2) (194 SE2d 623) (1972) (under the predecessor to OCGA § 40-13-30).

Here, the deputy sheriff personally observed Suggs commit several traffic offenses in Hall County and effectuated a stop of Suggs in Hall County. See OCGA § 17-4-20 ("An arrest for a crime may be made by a law enforcement officer . . . [w]ithout a warrant if . . . [t]he offense is committed in such officer's presence. . . ."). That the deputy sheriff thereafter crossed into the adjoining county in search of a safer location to conduct a DUI investigation did not deprive him of the authority to then arrest Suggs for the crimes committed in his presence. See OCGA § 40-13-30; *Hastings*, 211 Ga. App. at 874; *Heredia*, 252 Ga. App. at 90 (1); *City of Winterville*, 127 Ga. App. at 718 (2). For that reason, the trial court erred in holding that the deputy sheriff's investigation and arrest was unlawful; we nevertheless affirm the trial court's denial of Suggs's motion to suppress.

*Judgment affirmed. Ellington, P. J., and Andrews, J., concur.*